KJ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-80835-CV-Hurley/Hopkins

Robert T. Kennedy

**08CV1862**
**JUDGE KOCORAS**
**MAG. JUDGE COLE**

        Plaintiff(s),

v.

Butler Financial Solutions, LLC, et al.,


        Defendant(s),


## CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on 3/26/08 _____, the above-styled case

is hereby transferred to the Northern District of Illinois _____.

Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is ☐ a

**combined paper and electronic file or** ☑ **an electronic file** and the imaged documents can be obtained at

**PACER.USCOURTS.GOV** by using your Pacer **(not CM/ECF)** login and password. If you do not have a pacer

login, please contact the Pacer Center at 1-800-676-6856.

    DONE at the Federal Courthouse, Fort Lauderdale _____, Florida, this 26 day of

March _____ 20 08 .


        STEVEN M. LARIMORE
        Court Administrator • Clerk of Court

        By: _____

        s/Graciela Perez
        Deputy Clerk

---

**Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:**

        United States District Court
        Southern District of Florida

APR 0 1 2008

# FILED

APR 0 1 2008 TC

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Received By: _____

New Case No. _____

CLOSED, JMH, MEDREQ, REF_DISCOV

**U.S. District Court**
**Southern District of Florida (West Palm Beach)**
**CIVIL DOCKET FOR CASE #: 9:07-cv-80835-DTKH**
**Internal Use Only**

Kennedy v. Butler Financial Solutions, LLC et al
Assigned to: Judge Daniel T. K. Hurley
Referred to: Magistrate Judge James M. Hopkins
Cause: 28:1332 Diversity

Date Filed: 09/11/2007
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Robert T. Kennedy**
*On behalf of himself and all others similarly situated*

represented by **James C. Shah**
Shepherd Finkelman Miller & Shah
35 E State Street
Media, PA 19063
610-891-9880
Fax: 891-9883
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**08CV1862**
**JUDGE KOCORAS**
**MAG. JUDGE COLE**

**Scott Rhead Shepherd**
Shepherd Finkelman Miller & Shah LLC
1640 Town Center Circle
Suite 216
Weston, FL 33326
954-943-9191
Fax: 943-9173
Email: sshepherd@classactioncounsel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**F I L E D**

APR 0 1 2008  T.C

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**Douglas P. Dehler**
Shepherd Finkelman Miller & Shah LLC
111 E Wisconsin Avenue
Suite 1750
Milwaukee, WI 53202
US
414-226-9900
Fax: 226-9905
*ATTORNEY TO BE NOTICED*

**James E. Miller**
Shepherd Finkelman Miller & Shah LLC
65 Main Street
Chester, CT 06412
US
860-526-1100
Fax: 526-1120
*ATTORNEY TO BE NOTICED*

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date 3/26/08

**Jeffrey A. Berens**
Jeffrey A Berens LLC
8691 E 26th Avenue
Denver, CO 80238
303-378-8332
Email: jeffreyberens@comcast.net
*ATTORNEY TO BE NOTICED*

V.

*Defendant*

**Butler Financial Solutions, LLC**
*a Delaware Limited Liability Company*

represented by **John Joseph Shahady**
Adorno & Yoss
350 E Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301-4217
954-763-1200
Fax: 766-7800
Email: jshahady@adorno.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Murphy Tannen**
Michael Murphy Tannen Law Offices
39 S LaSalle Street
Suite 905
Chicago, IL 60603
US
312-641-6650
Email: mtannen@tannenlaw.com
*ATTORNEY TO BE NOTICED*

*Defendant*

**Heritage Warranty Insurance Risk Retention
Group, Inc.**
*formerly known as*
Heritage Warranty Mutual Insurance Risk
Retention Group, Inc., a South Carolina
Corporation

represented by **Nisha S. Wright**
Ruden McClosky Smith Schuster & Russell
222 Lakeview Avenue
Suite 800
West Palm Beach, FL 33401
563-838-4549
Fax: 514-3449
Email: nisha.wright@ruden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2007 | 1 | COMPLAINT against all defendants. Filing fee $ 350. Receipt#: 966298, filed by Robert T. Kennedy.(el) (Entered: 09/11/2007) |
| 09/19/2007 | 2 | Summons Issued as to Butler Financial Solutions, LLC, Heritage Warranty Insurance Risk Retention Group, Inc.. (ail) (Entered: 09/19/2007) |
| 09/26/2007 | 3 | Unopposed Application for Permission to Appear Pro Hac Vice for Attorney Jeffrey A. Berens, Filing Fee $75, Receipt #967285. (cw) (Entered: 09/28/2007) |
| 09/26/2007 | 4 | Unopposed Application for Permission to Appear Pro Hac Vice for Attorney Douglas P. Dehler, Filing Fee $75, Receipt #967286. (cw) (Entered: 09/28/2007) |
| 09/26/2007 | 5 | Unopposed Application for Permission to Appear Pro Hac Vice for Attorney James E. Miller, Filing Fee $75, Receipt #967288. (cw) (Entered: 09/28/2007) |
| 09/29/2007 | 6 | ENDORSED ORDER granting 3 Motion to Appear Pro Hac Vice, granting 4 Motion to Appear Pro Hac Vice, granting 5 Motion to Appear Pro Hac Vice. The motions are granted. Jeffrey A. Berens, Douglas P. Dehler, and James E. Miller are permitted to appear on behalf of plaintiff in this matter. Signed by Judge Daniel T. K. Hurley on 9/29/07. (lc2) (Entered: 09/29/2007) |
| 10/04/2007 | 7 | NOTICE of Change of Address by Scott Rhead Shepherd (Shepherd, Scott) (Entered: |

| | | |
|---|---|---|
| | | 10/04/2007) |
| 10/25/2007 | 📎8 | MOTION for Extension of Time to File Response as to 1 Complaint and Jury Demand by Heritage Warranty Insurance Risk Retention Group, Inc. (Attachments: # 1 Exhibit Proposed Order)(Wright, Nisha) Modified on 10/26/2007 (ls). [Added relationship to DE #1] (Entered: 10/25/2007) |
| 10/26/2007 | 📎9 | ENDORSED ORDER granting 8 Motion for Extension of Time to Respond. Defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s motion is granted. Defendant Heritage Warranty Insurance Risk Retention Group, Inc. shall respond to the complaint by November 26, 2007. Signed by Judge Daniel T. K. Hurley on 10/26/07. (lc2) (Entered: 10/26/2007) |
| 10/29/2007 | 📎 | Reset Answer Due Deadline: Heritage Warranty Insurance Risk Retention Group, Inc. response due 11/26/2007. (dm) (Entered: 10/29/2007) |
| 11/02/2007 | 📎10 | MOTION for Limited Admission , Consent to Designation and Request to Electronically Receive Notices of Electronic Filing by Butler Financial Solutions, LLC. (Shahady, John) (Entered: 11/02/2007) |
| 11/02/2007 | 📎11 | NOTICE of Instruction to Filer Regarding Motion for Limited Admission. Pursuant to 2B in the Administrative Procedures, a motion to make a limited appearance must be filed in the conventional manner along with the applicable filing fee. LOCAL COUNSEL IS INSTRUCTED TO 1. FILE A NOTICE TO STRIKE DE# 10 MOTION for Limited Admission , Consent to Designation and Request to Electronically Receive Notices of Electronic Filing filed by Butler Financial Solutions, LLC, AND 2. CONVENTIONALLY FILE AN ORIGINAL MOTION TO MAKE A LIMITED APPEARANCE ALONG WITH THE APPLICABLE FILING FEE. (cw) (Entered: 11/02/2007) |
| 11/02/2007 | 📎12 | MOTION for Limited Admission , Consent to Designation and Request to Electronically Receive Notices of Electronic Filing by Butler Financial Solutions, LLC. (Attachments: # 1 Text of Proposed Order)(Shahady, John) (Entered: 11/02/2007) |
| 11/02/2007 | 📎13 | NOTICE of Instruction to Filer Regarding Motion for Limited Admission. Pursuant to 2B in the Administrative Procedures, a motion to make a limited appearance must be filed in the conventional manner along with the applicable filing fee. LOCAL COUNSEL IS INSTRUCTED TO 1. FILE A NOTICE TO STRIKE DE# 12 MOTION for Limited Admission , Consent to Designation and Request to Electronically Receive Notices of Electronic Filing filed by Butler Financial Solutions, LLC, AND 2. CONVENTIONALLY FILE AN ORIGINAL MOTION TO MAKE A LIMITED APPEARANCE ALONG WITH THE APPLICABLE FILING FEE. (cw) (Entered: 11/02/2007) |
| 11/02/2007 | 📎14 | Unopposed MOTION for Extension of Time to File Answer as to 1 Complaint and Jury Demand by Butler Financial Solutions, LLC. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Shahady, John) (Entered: 11/02/2007) |
| 11/05/2007 | 📎15 | ENDORSED ORDER granting 14 Motion for Extension of Time to Respond to Complaint. Defendant Butler Financial Solutions, LLC's motion is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by November 26, 2007. Signed by Judge Daniel T. K. Hurley on 11/5/07. (lc2) (Entered: 11/05/2007) |
| 11/05/2007 | 📎16 | NOTICE of Instruction to Filer Regarding Pro Hac Vice Motion. Pursuant to 2B in the Administrative Procedures, a motion to make a limited appearance must be filed in the conventional manner along with the applicable filing fee. LOCAL COUNSEL IS INSTRUCTED TO 1. FILE A NOTICE TO STRIKE DE# 10 MOTION for Limited Admission , Consent to Designation and Request to Electronically Receive Notices of Electronic Filing filed by Butler Financial Solutions, LLC, AND 2. CONVENTIONALLY FILE AN ORIGINAL MOTION TO MAKE A LIMITED APPEARANCE ALONG WITH THE APPLICABLE FILING FEE. (ls) (Entered: 11/05/2007) |
| 11/05/2007 | 📎17 | NOTICE of Instruction to Filer Regarding Pro Hac Vice Motion. Pursuant to 2B in the Administrative Procedures, a motion to make a limited appearance must be filed in the conventional manner along with the applicable filing fee. LOCAL COUNSEL IS INSTRUCTED TO 1. FILE A NOTICE TO STRIKE DE# 12 MOTION for Limited |

| | | |
|---|---|---|
| | | Admission , *Consent to Designation and Request to Electronically Receive Notices of Electronic Filing* filed by Butler Financial Solutions, LLC, AND 2. CONVENTIONALLY FILE AN ORIGINAL MOTION TO MAKE A LIMITED APPEARANCE ALONG WITH THE APPLICABLE FILING FEE. (ls) (Entered: 11/05/2007) |
| 11/05/2007 | ⚫18 | MOTION for Limited Appearance, Consent to Designation and Request to Electronically Receive Notices of Electronic Filing for Attorney Michael Murphy Tannen, Filing Fee $75, Receipt #541437. (cw) (Entered: 11/06/2007) |
| 11/06/2007 | ⚫19 | NOTICE of Striking 12 MOTION for Limited Admission , *Consent to Designation and Request to Electronically Receive Notices of Electronic Filing* filed by Butler Financial Solutions, LLC,, 10 MOTION for Limited Admission , *Consent to Designation and Request to Electronically Receive Notices of Electronic Filing* filed by Butler Financial Solutions, LLC, by Butler Financial Solutions, LLC (Attachments: # 1 Text of Proposed Order Order on Notice to Strike)(Shahady, John) (Entered: 11/06/2007) |
| 11/07/2007 | ⚫20 | ENDORSED ORDER granting 18 Motion to Appear Pro Hac Vice. The motion for limited appearance is granted. Michael Murphy Tannen, Esq. is permitted to appear in this matter on behalf of defendant Butler Financial Solutions, LLC. Signed by Judge Daniel T. K. Hurley on 11/7/07. (lc2) (Entered: 11/07/2007) |
| 11/07/2007 | | ***Motions terminated: 12 MOTION for Limited Admission , *Consent to Designation and Request to Electronically Receive Notices of Electronic Filing* filed by Butler Financial Solutions, LLC; 10 MOTION for Limited Admission , *Consent to Designation and Request to Electronically Receive Notices of Electronic Filing* filed by Butler Financial Solutions, LLC. (lc2) (Entered: 11/07/2007) |
| 11/20/2007 | ⚫21 | Unopposed MOTION for Extension of Time to File Answer *to Class Action Complaint and Jury Demand* by Butler Financial Solutions, LLC. (Attachments: # 1 Exhibit Exhibit A to Motion for Enlargement of Time to Respond to Class Action Complaint and Jury Demand# 2 Text of Proposed Order Proposed Order on Motion for Enlargement of Time to Respond to Class Action Complaint and Jury Demand)(Shahady, John) (Entered: 11/20/2007) |
| 11/23/2007 | ⚫22 | ENDORSED ORDER granting 21 Motion for Extension of Time to Respond to Complaint. Defendant Butler Financial Solutions, LLC's motion is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by December 3, 2007. Signed by Judge Daniel T. K. Hurley on 11/23/07. (lc2) (Entered: 11/23/2007) |
| 11/26/2007 | ⚫23 | Unopposed MOTION for Extension of Time to File Response as to 1 Complaint by Heritage Warranty Insurance Risk Retention Group, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Wright, Nisha) (Entered: 11/26/2007) |
| 11/27/2007 | ⚫24 | ENDORSED ORDER granting 23 Motion for Extension of Time to Respond to Complaint. Defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s motion is granted. Defendant Heritage Warranty Insurance Risk Retention Group, Inc. shall respond to the complaint by November 28, 2007. Signed by Judge Daniel T. K. Hurley on 11/27/07. (lc2) (Entered: 11/27/2007) |
| 11/28/2007 | ⚫25 | MOTION to Dismiss 1 Complaint *for Improper Venue or, in the Alternative, Transfer Venue, and Incorporated Memorandum of Law* by Heritage Warranty Insurance Risk Retention Group, Inc.. Responses due by 12/12/2007 (Attachments: # 1 Exhibit "A"# 2 Text of Proposed Order Proposed Order)(Wright, Nisha) (Entered: 11/28/2007) |
| 11/28/2007 | ⚫26 | ALTERNATIVE MOTION to Change Venue by Heritage Warranty Insurance Risk Retention Group, Inc.. Responses due by 12/12/2007 [See Image at DE #25](ls) (Entered: 11/30/2007) |
| 11/30/2007 | ⚫27 | NOTICE of Docket Correction and Instruction to Filer: re 25 MOTION to Dismiss 1 Complaint *for Improper Venue or, in the Alternative, Transfer Venue, and Incorporated Memorandum of Law* filed by Heritage Warranty Insurance Risk Retention Group, Inc., Error: Motion with Multiple Reliefs Filed as One Relief. Docketed second portion as Motion to Change Venue; Instruction To Filer= In the future please select all applicable Reliefs; (ls) (Entered: 11/30/2007) |
| 12/03/2007 | ⚫28 | Unopposed MOTION for Extension of Time to File Response by Butler Financial Solutions, |

| | | |
|---|---|---|
| | | LLC. (Shahady, John) (Entered: 12/03/2007) |
| 12/03/2007 | ●29 | Amended MOTION for Extension of Time to File Response by Butler Financial Solutions, LLC. (Attachments: # 1 Text of Proposed Order)(Shahady, John) Modified on 12/4/2007 (ls). [Missing description on exhibits/attachments-corrected by Clerk] (Entered: 12/03/2007) |
| 12/04/2007 | ●30 | ENDORSED ORDER denying as moot 28 Motion for Extension of Time to Respond to Complaint, granting 29 Motion for Extension of Time to Respond to Complaint. Defendant Butler Financial Solutions, LLC's amended motion for extension of time to respond to the complaint is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by December 7, 2007. The earlier-filed motion (DE # 28) is denied as moot. Signed by Judge Daniel T. K. Hurley on 12/4/07. (lc2) (Entered: 12/04/2007) |
| 12/07/2007 | ●31 | Unopposed MOTION for Extension of Time to File Response as to 1 Complaint by Butler Financial Solutions, LLC. (Attachments: # 1 Exhibit A Order and Opinion# 2 Text of Proposed Order on Unopposed Motion for Additional Time to File Responsive Pleading) (Shahady, John) (Entered: 12/07/2007) |
| 12/08/2007 | ●32 | ENDORSED ORDER granting 31 Motion for Extension of Time to Respond to Complaint. Defendant Butler Financial Solutions, LLC's motion is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by December 19, 2007. Signed by Judge Daniel T. K. Hurley on 12/8/07. (lc2) (Entered: 12/08/2007) |
| 12/10/2007 | ● | Reset Answer Due Deadline: Butler Financial Solutions, LLC response due 12/19/2007. (dm) (Entered: 12/10/2007) |
| 12/17/2007 | ●33 | Plaintiff's MOTION for Extension of Time to File Response as to 25 MOTION to Dismiss 1 Complaint *for Improper Venue or, in the Alternative, Transfer Venue, and Incorporated Memorandum of Law* by Robert T. Kennedy. (Attachments: # 1 Text of Proposed Order) (Shepherd, Scott) (Entered: 12/17/2007) |
| 12/18/2007 | ●34 | ENDORSED ORDER granting 33 Motion for Extension of Time to File Response. Plaintiff's motion is granted. Plaintiff shall respond to defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s motion to dismiss or transfer by December 27, 2007. Signed by Judge Daniel T. K. Hurley on 12/18/07. (lc2) (Entered: 12/18/2007) |
| 12/18/2007 | ● | Set Deadlines as to 25 MOTION to Dismiss 1 Complaint *for Improper Venue or, in the Alternative, Transfer Venue, and Incorporated Memorandum of Law,* [26] MOTION to Change Venue. Responses due by 12/27/2007 (dm) (Entered: 12/19/2007) |
| 12/20/2007 | ●35 | Joint MOTION for Extension of Time to File Response as to 1 Complaint by Butler Financial Solutions, LLC. (Attachments: # 1 Exhibit A Order and Opinion# 2 Exhibit B Correspondence# 3 Exhibit C Order on Joint Motion for Additional Time)(Shahady, John) (Entered: 12/20/2007) |
| 12/21/2007 | ●36 | ENDORSED ORDER granting 35 Motion for Extension of Time to Respond to Complaint. The joint motion is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by January 22, 2008. Signed by Judge Daniel T. K. Hurley on 12/21/07. (lc2) (Entered: 12/21/2007) |
| 12/21/2007 | ● | Reset Answer Due Deadline: Butler Financial Solutions, LLC response due 1/22/2008. (dm) (Entered: 12/26/2007) |
| 12/26/2007 | ●37 | Plaintiff's MOTION for Extension of Time to File Response *to Defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s to Dismiss or in the Alternative Transfer Venue* by Robert T. Kennedy. (Attachments: # 1 Text of Proposed Order)(Shepherd, Scott) (Entered: 12/26/2007) |
| 12/27/2007 | ●38 | ENDORSED ORDER granting 37 Motion for Extension of Time to File Response. Plaintiff's motion is granted. Plaintiff shall respond to Defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s motion to dismiss or transfer venue by January 15, 2008. Signed by Judge Daniel T. K. Hurley on 12/27/07. (lc2) (Entered: 12/27/2007) |
| 01/11/2008 | ●39 | SCHEDULING ORDER:, ORDER REFERRING CASE to Mediation. ORDER REFERRING |

| | | |
|---|---|---|
| | | CASE to Magistrate Judge for Discovery. Trial set for 10/6/2008 before Judge Daniel T. K. Hurley. Calendar Call set for 10/1/2008 02:00 PM in West Palm Beach Division before Judge Daniel T. K. Hurley. Signed by Judge Daniel T. K. Hurley on 1/11/08.(lh) (Entered: 01/11/2008) |
| 01/15/2008 | 40 | RESPONSE in Opposition re 25 MOTION to Dismiss 1 Complaint *for Improper Venue or, in the Alternative, Transfer Venue, and Incorporated Memorandum of Law* filed by Robert T. Kennedy. (Attachments: # 1 Text of Proposed Order # 2 Exhibit 1 - SC Complaint# 3 Exhibit 2 Notice of Removal# 4 Exhibit 3 - Order and Opinion# 5 Exhibit 4 Motion to Consolidate# 6 Exhibit 5 - Amendment)(Shepherd, Scott) (Entered: 01/15/2008) |
| 01/22/2008 | 41 | Unopposed MOTION for Extension of Time to File Answer as to 1 Complaint by Butler Financial Solutions, LLC. (Attachments: # 1 Exhibit Plaintiffs Response in Opposition to Motion to Dismiss or Transfer# 2 Exhibit Proposed Order)(Shahady, John) (Entered: 01/22/2008) |
| 01/28/2008 | 42 | REPLY to Response to Motion re 25 MOTION to Dismiss 1 Complaint *for Improper Venue or, in the Alternative, Transfer Venue, and Incorporated Memorandum of Law* filed by Heritage Warranty Insurance Risk Retention Group, Inc.. (Wright, Nisha) Modified on 1/29/2008 (ls). (Entered: 01/28/2008) |
| 01/29/2008 | 43 | Plaintiff's MOTION for Leave to File *A Surreply In Light of Heritage's Change of Position or, In the Alternative, Plaintiff Requests Oral Argument* by Robert T. Kennedy. (Shepherd, Scott) (Entered: 01/29/2008) |
| 01/30/2008 | 44 | NOTICE of Instruction to Filer: re 43 Plaintiff's MOTION for Leave to File *A Surreply In Light of Heritage's Change of Position or, In the Alternative, Plaintiff Requests Oral Argument* filed by Robert T. Kennedy, Error: Motion with Multiple Reliefs Filed as One Relief; Instruction to Filer=In the future please select all applicable Reliefs; (ls) (Entered: 01/30/2008) |
| 01/31/2008 | 45 | ENDORSED ORDER granting 41 Motion for Extension of Time to Respond to Complaint. Defendant Butler Financial Solutions, LLC's motion is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by February 8, 2008. Signed by Judge Daniel T. K. Hurley on 1/31/08. (lc2) (Entered: 01/31/2008) |
| 01/31/2008 | | Reset Answer Due Deadline: Butler Financial Solutions, LLC response due 2/8/2008. (dm) (Entered: 02/01/2008) |
| 02/01/2008 | 46 | ORDER granting 43 Motion for Leave to File Surreply. Signed by Judge Daniel T. K. Hurley on 2/1/08. (lr) (Entered: 02/01/2008) |
| 02/07/2008 | 47 | Corporate Disclosure Statement by Heritage Warranty Insurance Risk Retention Group, Inc.. (Wright, Nisha) (Entered: 02/07/2008) |
| 02/08/2008 | 48 | MOTION for Extension of Time to File Answer as to 1 Complaint by Butler Financial Solutions, LLC. (Attachments: # 1 Text of Proposed Order)(Shahady, John) Modified on 2/11/2008 (ls). (Entered: 02/08/2008) |
| 02/08/2008 | | Reset Answer Due Deadline: Butler Financial Solutions, LLC response due 2/12/2008. (dm) (Entered: 02/11/2008) |
| 02/10/2008 | 49 | ENDORSED ORDER granting 48 Motion for Extension of Time to Respond to Complaint. Defendant Butler Financial Solutions, LLC's motion is granted. Defendant Butler Financial Solutions, LLC shall respond to the complaint by February 12, 2008. Signed by Judge Daniel T. K. Hurley on 2/10/08. (lc2) (Entered: 02/10/2008) |
| 02/11/2008 | 50 | RESPONSE/SURREPLY to 42 Reply to Response to Motion, filed by Robert T. Kennedy. (Attachments: # 1 Exhibit A- Declaration of Scott R. Shepherd)(Shepherd, Scott) Modified on 2/12/2008 (ls). (Entered: 02/11/2008) |
| 02/11/2008 | 51 | Plaintiff's MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404* by Robert T. Kennedy. Responses due by 2/26/2008 (Attachments: # 1 Text of Proposed Order) (Shepherd, Scott) (Entered: 02/11/2008) |

| 02/12/2008 | 🔘52 | MOTION to Dismiss 1 Complaint by Butler Financial Solutions, LLC. Responses due by 2/27/2008 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L)(Shahady, John) (Entered: 02/12/2008) |
| --- | --- | --- |
| 02/13/2008 | 🔘53 | NOTICE of Instruction to Filer: re 52 MOTION to Dismiss 1 Complaint filed by Butler Financial Solutions, LLC. Error: Motion with Multiple Reliefs Filed as One Relief; Instruction to Filer=In the future please select all applicable Reliefs; (ls) (Entered: 02/13/2008) |
| 02/14/2008 | 🔘54 | RESPONSE in Opposition re 52 MOTION to Dismiss 1 Complaint filed by Robert T. Kennedy. (Shepherd, Scott) Modified on 2/15/2008 (ls). (Entered: 02/14/2008) |
| 02/21/2008 | 🔘55 | RESPONSE in Opposition re 51 Plaintiff's MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404* filed by Heritage Warranty Insurance Risk Retention Group, Inc.. (Wright, Nisha) (Entered: 02/21/2008) |
| 02/22/2008 | 🔘56 | NOTICE of Change of Address by Scott Rhead Shepherd (Shepherd, Scott) (Entered: 02/22/2008) |
| 03/11/2008 | 🔘57 | MOTION for Protective Order *or Stay of Discovery* by Heritage Warranty Insurance Risk Retention Group, Inc.. (Attachments: # 1 Exhibit "A"# 2 Proposed Order)(Wright, Nisha) (Entered: 03/11/2008) |
| 03/12/2008 | 🔘58 | MOTION for Protective Order *And to Stay Discovery Pending the Resolution of Butler's Motion to Dismiss or, in the Alternative, to Transfer Venue* by Butler Financial Solutions, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Shahady, John) (Entered: 03/12/2008) |
| 03/13/2008 | 🔘59 | RESPONSE in Opposition re 57 MOTION for Protective Order *or Stay of Discovery*, 58 MOTION for Protective Order *And to Stay Discovery Pending the Resolution of Butler's Motion to Dismiss or, in the Alternative, to Transfer Venue* filed by Robert T. Kennedy. (Shepherd, Scott) (Entered: 03/13/2008) |
| 03/25/2008 | 🔘60 | ORDER granting 51 Motion to Change Venue, granting in part and denying in part 52 Motion to Dismiss, denying as moot 57 Motion for Protective Order, denying as moot 58 Motion for Protective Order, denying 25 Motion to Dismiss, [26] Motion to Change Venue. This case is TRANSFERRED to the United States District Court for the Northern District of Illinois. Any motions not otherwise ruled upon are DENIED as MOOT. This case is CLOSED. Signed by Judge Daniel T. K. Hurley on 3/25/08. (gp) (Entered: 03/26/2008) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80835-CIV-HURLEY/HOPKINS

ROBERT T. KENNEDY,

     Plaintiff,

v.

BUTLER FINANCIAL
SOLUTIONS, LLC, et al.,

     Defendants.

_____/

CLOSED CASE

08CV1862
JUDGE KOCORAS
MAG. JUDGE COLE

## ORDER TRANSFERRING CASE

**THIS CAUSE** is before the court upon defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s motion to dismiss for improper venue or, in the alternative, to transfer venue [DE # 25]; plaintiff's motion to transfer action [DE # 51]; defendant Butler Financial Solutions, LLC's motion to dismiss for improper venue or, in the alternative, to transfer venue [DE # 52]; and defendants' motions to stay discovery [DE # 57, 58].

This is a putative class action in which plaintiff seeks a determination of liability as between the two defendants on plaintiff's (and potential class members') vehicle service contracts. These contracts are typically entered into when a new or used automobile is purchased, and generally obligate the seller, in this case Butler, to pay for parts failures and breakdowns experienced by the purchaser's automobile. Butler's financial obligations under the contracts are allegedly insured by defendant Heritage. Plaintiff alleged that he was unable to obtain payment for repairs under his vehicle service contract because Butler and Heritage each claimed the other was liable. Plaintiff's action thus seeks a determination of liability under the contracts as between Butler and Heritage.

The procedural history of the instant motions is fairly convoluted. When Heritage filed its motion to dismiss and/or transfer on November 28, 2007, related actions were pending in the District of South Carolina and the Northern District of Illinois. By the time plaintiff filed his response to the motion, the South Carolina action had been transferred to Illinois. Heritage's reply thus dropped its request that this case be transferred to South Carolina, but persisted in requesting that this case be dismissed. Plaintiff was permitted to file a surreply opposing the dismissal, and requesting that the case be transferred to Illinois instead. Plaintiff simultaneously filed his own motion requesting transfer to Illinois. The next day, Butler filed its motion to dismiss and/or transfer to Illinois. Finally, both defendants filed motions to stay discovery pending the court's resolution of the motions to dismiss.

A district court may transfer a civil action to another district in which it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The court is persuaded that transfer of this case to the Northern District of Illinois is in the interest of justice. First, defendants' motions raise substantial questions as to whether venue is appropriate in this district. For example, both defendants argue that they were not subject to personal jurisdiction in this district at the time the suit was filed, and therefore do not "reside" in this district for purposes of the venue statute. Defendants also argue that plaintiff's allegation that an agreement between the two defendants was entered into in this district is unsupported, and directly contradicted by afffidavits filed by defendants. Finally, Butler denies that it sold any vehicle service contracts in this district. If defendants were to prevail on all of these arguments – and this order does not decide

2

that they have – then venue would be improper in this district.[1]

Second, two related and consolidated actions are already pending in the Northern District of Illinois. Third, plaintiff, a resident of Colorado, has no particular interest in litigating in this district, and has in fact filed his own motion to transfer to Illinois. Two out of the three parties in this case have thus requested that this case be transferred to Illinois. The remaining party, Heritage, initially requested a transfer as well, albeit to South Carolina rather than Illinois. Upon consideration of all of the circumstances, the court concludes that the interest of justice is served by transfer of this case to the Northern District of Illinois.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.  Defendant Heritage Warranty Insurance Risk Retention Group, Inc's motion to dismiss or transfer venue to the District of South Carolina [DE # 25] is **DENIED**.

2.  Plaintiff's motion to transfer venue to the Northern District of Illinois [DE # 51] is **GRANTED**.

3.  Defendant Butler Financial Solutions, LLC's motion to dismiss for improper venue [DE # 52] is **DENIED**. Defendant Butler Financial Solutions, LLC's motion to transfer venue to the Northern District of Illinois [DE # 52] is **GRANTED**.

4.  Defendants' motions to stay discovery pending the resolution of defendants' motions to dismiss and/or transfer [DE # 57, 58] are **DENIED AS MOOT**.

5.  Pursuant to 28 U.S.C. § 1404(a), this case is **TRANSFERRED** to the United States

---

[1] This court has power to transfer the case to another district even if venue in this district is improper. *See* 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

Order Transferring Case
Kennedy v. Butler Financial Solutions, LLC et al.
Case No. 07-80835-CIV-HURLEY/HOPKINS

District Court for the Northern District of Illinois. The Clerk of the Court is directed

to transmit the file in this case and all pertinent records to the Clerk of the Court for

the Northern District of Illinois.

6.    Any motions not otherwise ruled upon are **DENIED AS MOOT**.

7.    The Clerk of the Court is further directed to enter this case as **CLOSED**.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this __15__ day of March,

2008.

Daniel T. K. Hurley
U.S. District Judge

*Copies provided to counsel of record*

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
                          Deputy Clerk
Date __3\24\08__

For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

2007 SEP 11 AM 11: 23

CLARK
CLERK U.S. D.S. C.
S.D. OF FL. W.P.B.

ROBERT T. KENNEDY, On Behalf of Himself
and All Others Similarly Situated,

      Plaintiff,

vs.

BUTLER FINANCIAL SOLUTIONS, LLC, a
Delaware Limited Liability Company, and
HERITAGE WARRANTY INSURANCE RISK
RETENTION GROUP, INC., f/k/a HERITAGE
WARRANTY MUTUAL INSURANCE RISK
RETENTION GROUP, INC., a South Carolina
corporation,

      Defendants.

_____/

Case No. **07-80835
CIV-HURLEY**
*Ł* HOPKINS

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Robert T. Kennedy ("Plaintiff"), individually and on behalf of all others similarly situated, hereby alleges, by and through his attorneys, based upon personal information and information obtained through the investigation of counsel, as follows:

### NATURE OF CASE

1.     Plaintiff brings this class action on behalf of himself and a class of similarly situated individuals who purchased Vehicle Service Contracts ("VSCs") pursuant to which Defendant, Butler Financial Solutions, LLC ("Butler"), is obligated to provide warranty coverage on new and used motor vehicles. Under the plain terms of the VSCs, Butler must pay the reasonable costs associated with certain automobile part failures or mechanical breakdowns experienced by the contract holders' vehicles. The VSCs further state that Butler's obligations to pay covered claims under the VSCs are insured under a Vehicle Service Contract

Reimbursement Policy ("Insurance Policy") issued by Defendant, Heritage Warranty Insurance Risk Retention Group, Inc., f/k/a Heritage Warranty Mutual Insurance Risk Retention Group, Inc. ("Heritage"), and that if a covered claim is not paid within sixty days, the consumer may submit his or her claim directly to Heritage.

2.      Despite these express representations, promises and contractual obligations, both Butler and Heritage (collectively "Defendants") routinely and uniformly refuse to pay covered claims under the VSCs. Instead of paying claims as required under the express terms of the VSCs, Butler has taken the position that Heritage is responsible for directly paying all claims. According to Heritage, Butler has yet to pay for a single repair under the VSCs.

3.      Similarly, Heritage has, as of December 2006 at the latest, taken the position that it too has no responsibility to pay claims, directly or indirectly, under the VSCs. Yet, the Insurance Policy that Heritage issued to Butler clearly states that if Butler fails to pay a covered claim under a VSC, Heritage must pay that claim on Butler's behalf.

4.      As a result of the foregoing, claims made by thousands of contract holders have been systematically denied by Defendants without any proper legal basis. *According to Heritage itself, there are tens of thousands of VSCs that were sold throughout the country and claims under these policies are being submitted, but not paid, at a rate exceeding $200,000 per month.*

5.      By this action, Plaintiff seeks damages and other relief on his own behalf, and on behalf of a nationwide class of other similarly situated individuals who purchased the VSCs. As alleged more fully below, Defendants are liable to Plaintiff and other Class members for, among other things, breach of express contract and breach of third-party beneficiary contract. Plaintiff also requests that the Court provide injunctive and/or declaratory relief, including an order

2

declaring that Butler or Heritage, or both, are obligated to pay covered claims and that the VSCs are voidable at the option of the VSC holders.

## **PARTIES**

6.     Plaintiff is an individual residing in Castle Rock, Colorado. In December 2002, Plaintiff purchased a VSC, a true and correct copy of which is attached hereto as *Exhibit A*. Plaintiff paid $1,332 for his VSC, which provides coverage for a period of 84 months or 100,000 miles.

7.     Defendant, Butler, is a Delaware Limited Liability Company which, at the time the above-referenced VSC was sold to Plaintiff, had its principal place of business in Boca Raton, Florida. Upon information and belief, in approximately October 2005, Butler relocated its corporate offices to Ashville, North Carolina, but continues to conduct substantial business in Florida. Butler is the obligor under the VSCs.

8.     Defendant, Heritage, is a South Carolina corporation in the business of insurance, with its principal place of business also located in South Carolina. Heritage issued the Insurance Policy with respect to Butler's obligations under the VSCs.

## **JURISDICTION AND VENUE**

9.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). Upon information and belief, this case involves claims that have a value in excess of $5,000,000, exclusive of interest and costs.

10.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because: (a) at the time the VSC was sold to Plaintiff, Butler had its corporate offices in this district and did substantial business in this district, and, upon information and belief, continues to do substantial business in this district; (b) at the time the VSC was sold to Plaintiff, Heritage did

substantial business in this district, and, upon information and belief, continues to do substantial business in this district; (c) upon information and belief, Butler negotiated and entered into an agreement with Heritage in this district to insure claims under the VSCs at issue and, therefore, a substantial part of the events giving rise to Plaintiff's claims arose in this district; (d) upon information and belief, Plaintiff's VSC is a standard form contract that was drafted and developed by Butler in this district and, therefore, a substantial part of the events giving rise to Plaintiff's claims arose in this district; (e) upon information and belief, the majority of the VSCs at issue in this case were entered into by Butler and putative Class members while Butler maintained its headquarters in this district and, therefore, the location of those contracts is within this district and a substantial part of the events giving rise to Plaintiff's claims arose in this district; and (f) upon information and belief, many of the witnesses with knowledge of Butler's business operations and the VSCs at issue are current or former employees of Butler, who are currently located in this district.

## FACTUAL BACKGROUND

11.     When purchasing an automobile, a consumer may also buy a third-party vehicle service contract to supplement any manufacturer's warranties. A vehicle service contract typically requires that the issuer pay for certain types of automobile repairs during the term of the contract. Upon information and belief, Butler is a leading provider of vehicle service contracts and is the obligor with respect to tens of thousands of VSCs that were sold, and continue to be sold, to vehicle purchasers throughout the country.

12.     The VSCs at issue here are standard form contracts pursuant to which Butler promises to "pay or reimburse You [meaning Plaintiff and other class members] for reasonable costs to repair or replace any Breakdown of a part listed under Mechanical Coverage."

4

13.     The VSCs further state that Butler's obligations are "insured by a policy issued by Heritage Warranty Mutual Risk Retention Group, Inc...." and that: "[i]f a covered claim is not paid within sixty (60) days...after proof of loss has been filed, You [meaning Plaintiff and other class members] may file a claim directly with the Insurance Company [meaning Heritage]."

14.     In December 2002, Plaintiff purchased his VSC to cover a 2003 GMC Envoy ("Vehicle"), which he bought new in Colorado. In August 2007, Plaintiff's Vehicle sustained a mechanical failure which was covered by his VSC. Plaintiff took the Vehicle to a local dealer which contacted Butler's claims administrator. The administrator approved the repair being sought, acknowledged that the repair was covered under the VSC, but nonetheless refused to authorize payment for the repair--telling Plaintiff and his dealer that they would need to seek payment directly from Heritage. Likewise, the website of Warrantybynet.com, the company that sold VSCs for Butler, now also instructs VSC holders to submit claims directly to Heritage.

15.     As instructed, Plaintiff then contacted Heritage, which denied that it is responsible for paying for the repairs under the VSCs and explained that Butler is the responsible party under the contracts. Indeed, in a recent lawsuit, Heritage admitted that it had recently stopped paying claims on the VSCs and disclosed that Butler itself had never paid any of the claims.

16.     The reason that Defendants both refuse to pay for these repairs is apparently because they each claim that the other is responsible for making payments under the VSCs. In the meantime, some $200,000 per month in consumer claims are going unpaid.

17.     Upon information and belief, Defendants routinely and uniformly refuse to pay claims under the VSCs at issue in this case, not because the claims are not covered, but only because they cannot agree on which of them is responsible for making those payments. Moreover, it appears that Butler itself never intended to pay any claims, and instead intended to

wholly rely on Heritage to pay all claims (despite the express contractual language making

Butler the sole obligor), since, according to Heritage: "Butler has yet to pay for a single repair."

Butler's complete reliance on Heritage, and its inability or unwillingness to pay claims under the

VSCs without first receiving payment from Heritage, is contrary to the express terms of the

contracts and was not disclosed to Plaintiff or other members of the putative Class at the time

they entered into the VSCs.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on behalf of himself and all other persons similarly situated, as members of a

proposed class ("Class") defined as follows:

> All individuals who purchased a Vehicle Service Contract ("VSC"): (i) in which
> Butler Financial Solutions, LLC is identified as the obligor; and (ii) which is
> currently in effect or was in effect as of December 2006.

Specifically excluded from the proposed Class are Defendants and their officers, directors and

employees.

19.     The Class, as currently defined, is identifiable and unambiguous based upon

objective information and criteria. Plaintiff reserves the right to expand, limit, amend or

otherwise alter the class definition which will be presented to the Court in his Motion for Class

Certification (or at any other appropriate time), or propose subclasses in response to facts learned

through formal or informal discovery, his continuing investigation, legal arguments advanced by

Defendants, concerns of the Court, or otherwise.

20.     **Numerosity.** The members of the Class are so numerous that their individual

joinder is impracticable. While the precise number of Class members is unknown to Plaintiff,

Plaintiff is informed and believes that the proposed Class consists of thousands of members. The

true number and identity of Class members are known by Defendants, however, and, thus, the
Class may readily be notified of the pendency of this action.

21. **Existence and Predominance of Common Questions of Law and Fact.**
Common questions of law and fact exist as to all members of the Class and predominate over
any questions affecting only individual Class members. These common legal and factual
questions will include, but are not limited, to the following:

a. Whether Butler is contractually obligated to pay claims under the VSCs;

b. Whether a refusal to pay claims by Butler constitutes a breach of its VSCs with
Class members;

c. Whether Heritage's failure to fund or otherwise pay claims excuses Butler from
its obligation to pay Class members' claims pursuant to the VSCs;

d. Whether Butler's conduct, representations or omissions at the time the VSCs were
entered into renders the contracts voidable at the option of the Class members;

e. Whether Heritage is contractually obligated to pay Class members' claims
pursuant to the VSCs and/or the Insurance Policy between Butler and Heritage;

f. Whether Class members are third-party beneficiaries of the Insurance Policy
between Butler and Heritage;

g. Whether Heritage breached its contract with Butler by failing to fund or otherwise
pay claims under the VSCs; and

h. Whether the Court should declare the parties' rights under the VSCs, enjoin
Butler and/or Heritage from continuing to refuse to pay claims under the VSCs by
asserting that they have no obligations thereunder, or declare the VSCs voidable
at the Class members' option.

7

22.     **Typicality**.  Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and each member of the Class purchased the VSCs at issue and have the same contractual rights with respect to Butler and Heritage.

23.     **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no interests that are adverse or antagonistic to those of other Class members.

24.     **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants.  It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, and would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

25.     Adequate notice can be given to Class members directly using information maintained in Defendants' records and, if appropriate, through publication notice.

26.     Furthermore, the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants;

8

(ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members who are not parties to the adjudications or substantially impair or impede their ability to protect their interests; and (iii) Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF
(Breach of Contract Against Butler)

27.     Plaintiff asserts this claim against Butler on behalf of himself and the Class, and hereby incorporates as if fully set forth herein all of the above allegations.

28.     Butler is party to, and owes contractual duties under, the VSCs with Plaintiff and other members of the Class.

29.     Butler is contractually obligated to pay claims under the VSCs on behalf of contract holders, and breached its contractual duties to Plaintiff and other members of the Class by routinely and uniformly refusing to pay any of their claims under those contracts.

30.     As a direct result of Butler's breaches of its contractual obligations, Plaintiff and other members of the Class have sustained damages in an amount to be determined.  The measure of damages may include, *inter alia*, the amount paid for the VSCs, as those contracts have no value to Plaintiff and Class members in light of the fact that both Defendants uniformly refuse to pay any claims under those contracts.

## SECOND CLAIM FOR RELIEF
(Voidable Contracts Against Butler)

.     31.     Plaintiff asserts this claim against Butler on behalf of himself and the Class, and hereby incorporates as if fully set forth herein all of the above allegations.

9

32.     As a result of Butler's intentional or unintentional failure to communicate all of the essential terms, conditions, exclusions and limitations of the VSCs and/or its inability or unwillingness to pay valid claims without first receiving payment from Heritage, the VSCs were entered into as a result of fraud or mistake and Butler never formed enforceable contracts with Plaintiff and the Class.

33.     Based on the foregoing, Plaintiff and the Class are entitled to a ruling that the VSCs are voidable by Plaintiff and the Class. Plaintiff and the Class are also entitled to compensatory damages, including, but not limited to, unreimbursed repair costs or a return of the premiums paid.

### THIRD CLAIM FOR RELIEF
(Breach of Third-Party Beneficiary Contract Against Heritage)

34.     Plaintiff asserts this claim against Heritage on behalf of himself and the Class, and hereby incorporates as if fully set forth herein all of the above allegations.

35.     Upon information and belief, Heritage issued the Insurance Policy to Butler whereby it agreed to pay claims under the VSCs if Butler failed to perform under those contracts. According to Butler, the Insurance Policy states:

UPON FAILURE OF THE INSURED [*i.e.*, Butler] TO PERFORM UNDER THE SERVICE CONTRACTS [*i.e.*, the VSCs], HERITAGE WARRANTY MUTUAL INSURANCE RISK RETENTION GROUP, INC. SHALL PAY ON BEHALF OF THE INSURED ANY SUMS THE INSURED IS LEGALLY OBLIGATED TO PAY OR SHALL PROVIDE THE SERVICE THAT THE INSURED IS LEGALLY OBLIGATED TO PERFORM ACCORDING TO THE INSURED'S CONTRACTUAL OBLIGATION UNDER THE SERVICE CONTRACTS ISSUED BY THE INSURED...

Thus, as evident by the express contractual language, and the parties' own conduct, Butler and Heritage clearly manifested their intent that the contract primarily and directly benefit Plaintiff and the Class.

10

36.     Heritage breached its contract with Butler by refusing to pay the claims of Plaintiff and the Class, thereby causing them damage.

37.     Based on the foregoing, Plaintiff and the Class are entitled to a ruling that the contract between Heritage and Butler creates an obligation on Heritage's behalf to pay the valid claims of Plaintiff and the Class. Plaintiff and the Class are also entitled to compensatory damages, including, but not limited to, unreimbursed repair costs or a return of the premiums paid.

**FOURTH CLAIM FOR RELIEF**
(Declaratory Relief Against Butler and Heritage)

38.     Plaintiff asserts this claim against Defendants on behalf of himself and the Class, and hereby incorporates as if fully set forth herein all of the above allegations.

39.     Plaintiff and other members of the Class hereby seek declaratory relief in the form of an order declaring their rights under the VSCs and Butler's Insurance Policy with Heritage, including their contractual rights with respect to both Butler and Heritage under those contracts.

40.     The equities support granting the declaratory relief requested herein, as Plaintiff and other Class members have been deprived of the value of the VSCs because of an actual controversy that is ripe for adjudication as to the extent of Defendants' obligations under the contracts.

41.     Granting the declaratory relief requested herein would be just and equitable under the circumstances, particularly because there are believed to be tens of thousands of consumers who purchased VSCs that are still in force, all of whom would benefit from a judicial declaration that Defendants cannot lawfully refuse to pay valid claims solely by "pointing fingers" at each other.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

1. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel of record to represent the Class;

2. For compensatory damages sustained by Plaintiff and other members of the Class as a result of Defendants' breaches and awarding such prejudgment interest as may be allowed by law;

3. For imposition of a constructive trust, in favor of Plaintiff and members of the Class, upon any benefits improperly received by Defendants as a result of their wrongful conduct;

4. For declaratory relief as set forth above, including a declaration that the VSCs are voidable at the option of Plaintiff and the Class;

5. For restitution, disgorgement and/or other equitable relief as the Court deems proper;

6. For a permanent injunction prohibiting Defendants and their agents, employees, representatives and all persons acting on their behalf from engaging in the conduct and practices complained of herein;

7. For reasonable attorneys' fees and costs of suit, including, *inter alia*, expert witness fees; and

8. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 10th day of September, 2007.

SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC

_____

Scott R. Shepherd  (Fl. Bar No. 069655)
4400 North Federal Highway
Lighthouse Point, Florida 33064
Telephone:     954/943-9191
Facsimile:     954/943-9173
Email: sshepherd@sfmslaw.com

Jeffrey A. Berens
LAW OFFICE OF JEFFREY A. BERENS,
LLC
8691 East 26th Avenue
Denver, Colorado  80238-2549
Telephone:     303/378-8332
Facsimile:     303/395-0393

Douglas P. Dehler
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
111 East Wisconsin Avenue, Suite 1750
Milwaukee, Wisconsin 53202
Telephone:     414/226-9900
Facsimile:     414/226-9905

James C. Shah
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
35 E. State Street
Media, Pennsylvania  19063
Telephone:     610/891-9880
Facsimile:     610/891-9883
**Attorneys for Plaintiff**

A

**Warrantybynet**

# DECLARATION PAGE

| This is your CUSTOMER CONTRACT NUMBER. Please use this number in any phone or written communication. | WWTN35244 | 84100UK7 | 720045 | ✔ NEW |
|---|---|---|---|---|
| | YOUR CONTRACT NUMBER | YOUR CONTRACT PLAN CODE | SELLING DEALER CODE | USED |

**CONTRACT HOLDER (You, Your):**
ROBERT T. KENNEDY

**CONTRACT HOLDER ADDRESS: (Phone:** (303)796-8400 )
3469 SOARING EAGLE LANE
CASTLE ROCK, CO 80109

**DESCRIPTION OF YOUR VEHICLE:**

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER | CONTRACT CHARGE | DEDUCTIBLE |
|---|---|---|---|---|---|
| 2003 | Gmc | ENVOY | 1GKDT13S432222730 | $1,332.00 | $0.00 |

FULL PAY
✔ PAY AS YOU GO

REDUCING DEDUCTIBLE (Does not apply unless checked yes)

**TERM**

| MONTHS | MILEAGE |
|---|---|
| 84 | 100000 |

**ADDITIONAL**
4WD

| *CONTRACT PURCHASE DATE | *ODOMETER MILEAGE AT CONTRACT PURCHASE DATE |
|---|---|
| 12/20/2002 | 50 |

**DEALER/LESSOR:**
Warrantybynet
ADDRESS 393 Mantoloking Rd. Brick, NJ 08723

**LIENHOLDER: (Entity financing VSC)**

DEALER PHONE NUMBER (800) 962-4720

*CONTRACT PURCHASE DATE 12/20/2002

AUTHORIZED DEALER SIGNATURE [signature]      DATE 12/20/2002
Contract Purchase Date

VEMECO
Administrator
Vemeco, Inc.
P.O. Box 410
Alvarado, TX 76009
1-800-543-8801 (NATL)

*New vehicle plan [Premier (plan code UK7) and Peak (plan code XD7) Advantage Series] expiration is measured in time/mileage from the Contract Purchase Date and zero (0) miles.
*Used vehicle plan [Powertrain (plan code XP7), Select (plan code XF7), and Value (plan code XD7) Advantage Series] expiration is measured in time/mileage from the Contract Purchase Date and Odometer Mileage (at Contract Purchase Date).

*All vehicle plans require a mandatory "Waiting Period before Coverage takes effect. The "Waiting Period" is 30 days and 1,000 miles from the Contract Purchase Date and Odometer Mileage at Contract Purchase Date.

The definition of **"We, Us and Our"** used frequently throughout the Vehicle Service **Contract** is defined as BUTLER FINANCIAL SOLUTIONS, L.L.C., 2300 CORPORATE BLVD., NW, SUITE 214, BOCA RATON, FL 33431. Please refer to the Vehicle Service **Contract** for additional Definitions.

**Our** obligations under this Vehicle Service **Contract** are insured by a policy issued by Heritage Warranty Mutual Insurance Risk Retention Group, Inc., 1550 South 70th Street, Lincoln, Nebraska 68596, under a motor Vehicle Service Contract reimbursement policy, and reinsured by American Re®. - a national A++ rated company and a member of the Munich Re Group®. If a covered claim is not paid within sixty (60) days, [except in Arizona thirty (30) days], after proof of loss has been filed, **You** may file a claim directly with the Insurance Company. Please call 1-800-543-8801 for instructions.

H250502WBN0502

If this Vehicle Service Contract has been financed, the Lienholder shall be entitled to any refunds resulting from the cancellation of this Vehicle Service Contract for whatever reason. This would include cancellation for non-payment, repossession of the vehicle, or total loss of the vehicle.

## IMPORTANT INFORMATION YOU NEED TO KNOW

CUSTOMER SUPPORT NUMBER – Please see the box labeled **Your Contract** Number on the **Declaration Page**. This is **Your** CUSTOMER SUPPORT NUMBER. Please refer to this number in any written or verbal communication, such as requesting information or filing a claim.
**PURCHASE OF THIS VEHICLE SERVICE CONTRACT IS NOT REQUIRED IN ORDER TO PURCHASE OR FINANCE A MOTOR VEHICLE.**

## THINGS TO DO NOW

The **Declaration Page** is an important part of this Agreement. It is **Your** responsibility to notify **Us** if any information is incorrect. Please read all sections carefully and if are unclear about any information call **Us** at 1-800-962-4720. Refer to the bold printed number in any verbal or written communication, such as requesting information or filing a claim.

Check Plan Code – Not every part of **Your Vehicle** is covered by this **Contract**. **Coverage** is identified by the last three (3) letters of the Plan Code as shown on the **Declaration Page** of this **Contract**. Please compare the last 3 letters of the Plan Code on the **Declaration Page** with the Plan Code and Corresponding **Coverage** as listed under **Mechanical Coverage**. If this box was left blank, or Plan Code is inaccurate, contact **Your Administrator** immediately.

Check **Your Deductible** – Please check the box labeled **DEDUCTIBLE** on **Your Declaration Page**. A number should be in the box which identifies the portion of the covered repair **You** will be required to pay if **You** have a claim. If this box was left blank, contact **Your Administrator** immediately.

NOTE: This **Contract** is not valid unless **You** have signed the **Declaration Page** and it has been affixed to the front of this **Contract**.

## THINGS YOU MUST DO THROUGHOUT THE TERM OF YOUR CONTRACT

Properly Maintain **Your Vehicle** and KEEP THE RECEIPTS – This **Contract** is only valid if **Your Vehicle** has been maintained in accordance with the manufacturer's specifications. Keep copies of all receipts (oil changes, lubrication, etc.), as proof of maintenance may be required when **You** file a claim. SEE SECTION: "GENERAL PROVISIONS" FOR SPECIFIC MAINTENANCE REQUIREMENTS.
Obtain approval PRIOR to having work performed that may be covered by this **Contract**. If **You** believe the failure may be covered by this **Contract**, call the **Administrator** personally, or instruct the repair facility performing the work to call and **Register** the claim BEFORE THE WORK IS PERFORMED. SEE SECTION: "WHAT TO DO IN THE EVENT OF A BREAKDOWN".

## DEFINITIONS

The following definitions apply to words frequently used in this **Contract** and appear in **Bold Faced Type**:
**You, Your** – Means the **Contract** Holder shown on the **Declaration Page** or the person to whom this **Contract** was properly transferred.
**We, Us, Our** – Means the obligor of this **Contract** as stated on the **Declaration Page** attached to this **Contract**.
**Administrator** – Means The **Administrator** as shown on the **Declaration Page**.
**Contract** – Means this Vehicle Service Contract which **You** have purchased from **Us** to protect **Your Vehicle**.
**Declaration Page** – Means the numbered document which must be attached to and forms part of this **Contract**. It lists information regarding **You**, **Your Vehicle**, **Coverage** selected, and other vital information.
**Mechanical Coverage** – Lists the **Coverages** provided to **You** for **Your Vehicle** under this **Contract**.
**Coverage** – Means the protection **You** have selected, as listed under Mechanical **Coverage** Section.
**Your Vehicle** – Means the vehicle which is described on the **Declaration Page**.
**Deductible** – Means the amount **You** are required to pay, as shown on the **Declaration Page**, for covered **Breakdowns**. Once a part is repaired or replaced under the terms of this **Contract**, there will be no **Deductible** for future repairs to that part.
**Breakdown or Mechanical Failure** – These terms are used interchangeably and mean the failure of a covered part under normal service. A covered part has failed when it can no longer perform the function for which it was designed solely because of its condition and not because of the action or inaction of any non-covered parts. **Subsequent Damages** resulting from the **Breakdown or Mechanical Failure** of a covered part are covered by this **Contract**, except when **You** have failed to perform the recommended maintenance services for **Your Vehicle**.
**Subsequent Damage** – Means the direct or immediate damage to a non-covered part occurring as a singular event or failure originating with the failure of a covered part.
**Consequential Damage** – Means an event or damage that occurs separately as a consequence or result of the failure of a covered or non-covered part, such as, loss of time or use, inconvenience, commercial loss, personal injury or property damage.
**Registered** – Means a claim has been **Registered** only when the **Administrator** has been contacted and has issued a claim reference number.
**Pre-existing** – Means a condition that within all reasonable mechanical probability relates to the mechanical fitness of **Your Vehicle** prior to **Contract** issuance.
**Preferred Repair Facility** – A Repair Facility that has been selected and assigned by the **Administrator** to provide quality service to the customer.

## GENERAL PROVISIONS

This **CONTRACT** is between **US** and **YOU**, and is subject to all the Terms and Conditions contained herein.
1. **CONTRACT PERIOD**
   **Coverage** under this **Contract** begins 30 days and 1,000 miles from the **Contract** Purchase Date and Odometer Mileage at **Contract** Purchase Date and will expire according to the time and/or mileage of the term/miles selected, whichever occurs first, as shown on the **Declaration Page**.
   a) New Vehicle Plan (Premier and Peak Advantage Series) expiration is measured in time/mileage from the **Contract** Purchase Date and zero (0) miles.
   b) Used Vehicle Plan (Powertrain, Select, and Value Advantage Series) expiration is measured in time/mileage from the **Contract** Purchase Date and Odometer Mileage (at **Contract** Purchase Date).

2. **COVERAGE**
   The **Coverage** afforded **You** for **Your Vehicle** is fully described in this **Contract**. Please see section: "**Mechanical Coverage**" of this **Contract**.

3. **BREAKDOWN OF COVERED PARTS**
   **We** will pay or reimburse **You** for reasonable costs to repair or replace any **Breakdown** of a part listed under **Mechanical Coverage**. REPLACEMENT PARTS MAY BE NEW, REMANUFACTURED, OR REPLACEMENT PARTS OF LIKE KIND AND QUALITY.

4. **DEDUCTIBLE**
   In the event of a **Breakdown** covered by this **Contract**, **You** may be required to pay a **Deductible**. No **Deductible** payment is required with respect to Towing/Road Service, Rental, Trip Interruption, and Lost Key/Lockout **Coverages**, if they are provided by this **Contract**.
   **You** have a Per Repair Visit **Deductible**, as shown on the **Declaration Page**, the **Deductible** amount will be applied on a per repair visit basis. Should a covered **Breakdown** take more than one visit to repair, only one **Deductible** will apply for that **Breakdown**.
   In addition, if **You** bring **Your Vehicle** to a **Preferred Repair Facility**, $50 (fifty) dollars of any **Deductible** will be waived. **Our Administrator** will assist **You** in locating a **Preferred Repair Facility**.

5. **TERRITORY**
   This **Contract** applies only to **Breakdown** that occur and repairs made within the United States of America and Canada.

6. **LIMITS OF LIABILITY**
   a. **Per Repair Visit** – **Our** liability for any one (1) Repair Visit shall in no event exceed the trade-in value of **Your Vehicle** at the time of said Repair Visit, as listed in the Kelly Blue Book Used Car Guide.
   b. **Aggregate** – The total of all claims and benefits paid or payable while this **Contract** is in force shall not exceed the price **You** paid for **Your Vehicle** (excluding tax, title and license fees).

1

H520502WBN0602

## GENERAL PROVISIONS CONT'D

**7. MAINTENANCE REQUIREMENTS**

a. **You** must have **Your Vehicle** checked and serviced in accordance with the manufacturer's recommendations, as outlined in the Owner's Manual. NOTE: **Your** Owner's Manual lists different servicing recommendations based on **Your** individual driving habits and climate conditions. **You** are required to follow the maintenance schedule that applies to **Your** conditions. Failure to follow the manufacturer's recommendations that apply to **Your** specific conditions may result in the denial of **Coverage**. If an Owner's Manual is not provided, **You** can contact the **Administrator** and the servicing recommendations will be provided to **You**.

b. It is required that verifiable receipts be retained for the service work. Or, if **You** perform **Your** own service, **You** must retain verifiable receipts showing purchases of all required parts and materials necessary to perform the required maintenance showing the date and mileage when the services were performed. Maintenance and/or service work receipts may be requested by the **Administrator**.

**8. TRANSFER OF YOUR VEHICLE SERVICE CONTRACT**

a. **Your Contract** may be transferable to someone to whom **You** sell or otherwise transfer **Your Vehicle** while this **Contract** is still in force. This **Contract** cannot be transferred if the title transfer of **Your Vehicle** passes through an entity other than the subsequent buyer, or **Your Vehicle** is sold or traded to a dealership, leasing agency or entity/individual in the business of selling vehicles. This **Contract** can only be transferred once and the transfer must be initiated by the original **Contract** Holder.

b. To transfer, the following must be submitted to the **Administrator** within 30 days of the change of ownership to a subsequent individual purchaser:
   - A completed transfer form; with
   - Name and Address of New owner, date of sale to new owner, current mileage; and
   - $50.00 Transfer Fee made payable to the **Administrator**.

c. Any remaining manufacturer's warranty must also be transferred at the same time as vehicle ownership transfer. Copies of all maintenance records showing actual oil changes and manufacturers maintenance must be given to the new owner. These maintenance records must be retained along with similar documentation for future maintenance work which the new owner has performed in accordance with the Maintenance Requirements of this **Contract**. If necessary, these documents will be verified by the **Administrator**.

**9. OUR RIGHT TO RECOVER PAYMENT**

If **You** have a right to recover against another party for anything **We** have paid under this **Contract**, **Your** rights shall become **Our** rights. **You** shall do whatever is necessary to enable **Us** to enforce these rights. **We** shall recover only the excess after **You** are fully compensated for **Your** loss.

**10. REPAIR INSPECTIONS**

**We** reserve the right to inspect **Your Vehicle** to evaluate covered repairs.

**11. FINANCIAL AGREEMENTS**

If this Agreement was financed (purchased on a payment plan) by a funding party, they shall be entitled to any refund(s) resulting from cancellation of this Agreement for any reason including repossession of **Your Vehicle**, or total loss of **Your Vehicle**. Failure to make monthly payments in a timely manner may result in cancellation of this Agreement and no refund will be due. Should a claim arise before this Agreement is paid in full, the balance owed will be deducted from the claim payment.

**12. REFUND POLICY FOR PRE-AUTHORIZED CHECK PAYMENTS**

If payment has been made by a pre-authorized check(s), **You** must submit all original cancelled pre-authorized check(s) to the funding party. For purposes of refund, photocopies of pre-authorized check(s) are not accepted. With receipt of **Your** refund, **Your** original pre-authorized check(s) will be returned to **You**.

**13. REINSTATEMENT**

If this Vehicle Service **Contract** is cancelled due to non-payment, **We** reserve the option to reinstate the Agreement. As a condition of reinstatement, the full amount of **Contract** price must be paid and **We** will not be responsible or liable to **You** for any **Mechanical Failure** to **Your Vehicle** during the first thirty (30) days and 1,000 miles from the effective date and miles at the time of the Reinstatement Notice.

**14. VEHICLE SERVICE CONTRACT RENEWAL**

Contracts may be renewed depending on the odometer's mileage and age of vehicle at the time of renewal. This Vehicle Service **Contract** may be renewed at **Our** option, provided that the vehicle is not more than ten (10) model years old and has less than 100,000 total odometer miles. Please contact **Us** at least 30 days and 1,000 miles prior to the expiration of this Agreement to be eligible for the renewal.

**15. TAXES**

**Coverage** includes State and local taxes where applicable.

**16. FLUIDS**

**Coverage** includes fluids to complete a covered repair.

**17. SEALS AND GASKETS**

All Seals and Gaskets for the specific components listed are covered, as either an individual repair or in conjunction with the repair of a covered component.

## CANCELLATION OF YOUR CONTRACT

a. **You** may cancel this **Contract** by sending a letter of cancellation along with the **Contract** to 393 Mantoloking Rd., Brick, NJ 08723. A notarized statement indicating the odometer reading must be submitted.

b. **We** may cancel this **Contract** for non-payment of the **Contract** charge, or for misrepresentation in the submission of a claim. **We** may cancel this **Contract** if **Your Vehicle** is found to be modified in a manner not recommended by the manufacturer, or **Your Vehicle** is found to be used as a commercial vehicle.

c. If **Your Vehicle** and this **Contract** have been financed, the lienholder shown on the **Declaration Page** may cancel this **Contract** for non-payment or if **Your Vehicle** is declared a total loss or is repossessed.

d. If this **Contract** is cancelled within the first thirty (30) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first thirty (30) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term/miles selected and the date **Coverage** begins, less a twenty five ($25.00) dollar administrative fee. In the event of cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. The total amount of all authorized claims will be deducted from all refunds.

## WHAT TO DO IN THE EVENT OF A BREAKDOWN

**A. IF YOUR VEHICLE INCURS A BREAKDOWN, YOU MUST TAKE THE FOLLOWING STEPS TO FILE A CLAIM:**

1. _Prevent Further Damage_ – Take immediate action to prevent further damage. This **Contract** will not cover the damage caused by not securing a timely repair when a **Breakdown** has occurred. The operator is responsible for observing vehicle warning lights and gauges, and taking appropriate action immediately. Failure to do so, may result in the denial of **Coverage**.

2. Take **Your Vehicle** to a Licensed Repair Facility - If **Your Vehicle** breaks down, take **Your Vehicle** to any licensed repair facility (**You** may contact the **Administrator** for help in locating a repair facility).

3. Provide Repair Facility with a copy of **Your Contract** and/or **Your Contract** Number.

4. Register repairs with the **Administrator** – Prior to any repair being made, instruct the Service Manager at the repair facility to contact the **Administrator** to **Register** the claim. Any claim for repairs that have not been **Registered** will not be covered except as provided under Emergency Repairs. The amount **Registered** with the **Administrator** is the maximum amount that will be paid for repairs covered under the terms of the **Contract**. Any additional amount must be **Registered** with the **Administrator**, prior to submitting the claim for payment.

5. Authorize Teardown and/or Inspection – In some cases, **You** may need to authorize the repair facility to inspect and/or teardown **Your Vehicle** in order to determine the cause and cost of the repair. **You** will be responsible for these charges if the failure is not covered under this **Contract**. **We** reserve the right to require an inspection of **Your Vehicle** prior to any repair being made.

6. Review **Coverage** – After the **Administrator** has been contacted, review with the Service Manager what will be covered by this **Contract**.

H520502WBN0602

## WHAT TO DO IN THE EVENT OF A BREAKDOWN CONT'D

7. Pay any applicable Deductible – We will pay the repair facility or You for the cost of the work performed on Your Vehicle that is covered by this Contract and previously authorized, less the Deductible (if any). Once authorization is obtained, and the repair is completed, all repair orders and documentation must be submitted to the Administrator within sixty (60) days to be eligible for payment.

8. Emergency Repairs - Should an emergency occur which requires a Breakdown repair be made at a time when, due to circumstances beyond Our control, the Administrator's office cannot be contacted, You must call the Administrator's office within five (5) business days from the date of repair to determine if such repair will be covered by this Contract. If covered, You will be reimbursed for the repair.

**B. IF YOUR VEHICLE BREAKS DOWN ON THE ROAD:**

Follow the same steps as above. If necessary, the repair facility will be paid, less Your Deductible (if any), by the Administrator's national charge card system (MasterCard or VISA) on Your behalf. In some case, You may need to pay the repair bill in full. If so, You will be reimbursed for the Registered amount of the repair, less Your Deductible (if any). If You have any questions regarding claim procedures or Coverages, please call the Administrator at the number below and ask for a Customer Support Representative:

Vemeco, Inc.
P. O. Box 410
Alvarado, TX 76009
Customer Service/Claims (800) 543-8801*
Available 24 hrs/day–365 days/year
*For Towing/Road Service and Lost Key/Lockout assistance, Call (800) 765-6622

## SERVICE MANAGER'S GUIDE TO FILING A CLAIM
## STEPS TO FOLLOW WHEN FILING A CLAIM:

1. Advise Contract Holder – That evaluating the cause of the failure does not mean that the failure is covered under this Contract. All covered repairs must be Registered with the Administrator.

2. Contract Holder's Approval for Evaluation – Obtain approval from the Contract Holder to inspect and/or teardown vehicle to determine cause and cost of repair. Save all components including fluids and filters, in the event the Administrator requires an inspection. Inform the Contract Holder that the cost of the teardown will not be paid if the failure of the component disassembled is not covered under the Contract.

3. Cause, Cure and Cost – Assess the problem(s), cause, cure of the failure and cost of the repairs.

**NOTE: Any major component failure that has a verifiable complaint, i.e., slipping transmission, knocking engine, etc., should be called in prior to any teardown.**

4. Register the Repair with the Administrator – Call the Administrator's Service Manager's Support representative at (800) 543-8801 to Register the claim. Please have the following items ready when you place the call:
   a. Customer's Contract Number
   b. Cause of Failure and Cure
   c. Cost of the Repair
   d. Factory Part Number(s)

5. The Support Representative will verify the Coverage and –
   A. Register Claim – The Administrator will Register the claim by issuing a Reference Number. Record this Reference Number on the Repair Order. The Registered claim amount is the maximum that will be paid. Any additional amounts must be Registered with the Administrator, prior to submitting the claim for payment.

OR

   B. Request Additional Evaluation – Request further evaluation, teardown or outside inspection.
      I. Inspection – The Administrator reserves the right to require an inspection of the vehicle prior to any repair being accomplished. Diagnostic procedures not associated with the teardown are not covered.
      II. Teardown – If a teardown is necessary in order to determine the cause of failure, the Contract Holder must approve the teardown. Please advise the Contract Holder that, if the component disassembled is not covered, then the Contract Holder must pay for the teardown.
   Listed below is the Inspection Teardown Policy:
      a. Save all components, including fluids and filters, that need to be inspected.
      b. The Support Representative will arrange for inspection.
      c. If not visited within 48 hours, call the Support Representative.

OR

   C. Deny Claim – Deny the request and issue a Reference Number.

6. Review Repairs with Contract Holder – After the Administrator has been contacted, review with the Contract Holder what will be covered by the Contract and what portions of the repairs, if any, will not be covered.

7. Contract Holder's Approval for Repairs – Obtain the Contract Holder's approval to complete the repairs. All repair orders must have customer's signature.

8. Submit Repair Orders for Payment – All repair orders and documentation must be submitted to the Administrator, at the address noted under "What To Do In The Event Of A Breakdown" within sixty (60) days.

## MECHANICAL COVERAGE

## POWERTRAIN SERIES 1-5 (Plan Code XP7)



**1. Engine:** Cylinder Block, Cylinder Head(s), Rotary Housing and all internal lubricated parts contained within the engine including: Pistons; Piston Rings; Connecting Rod Bearings; Crankshaft; Crankshaft Main Bearings; Camshaft; Camshaft Bearings; Cam Followers; Timing Chain or Belt; Timing Gears, Guides, Tensioners; Rocker Arms; Rocker Shafts; Rocker Bushings; Cylinder Head Valves; Valve Guides; Valve Lifters; Valve Springs; Valve Seals; Valve Retainers; Valve Seats; Push Rods; Water Pump; Fuel Pump; Oil Pump and Oil Pump Housing; Harmonic Balancer; Oil Pan; Timing Chain Cover; Intake and Exhaust Manifolds; Valve Covers; Engine Mounts; Cam Gear Bolt; Harmonic Balancer Bolt; Head Bolts; and Seals and Gaskets.

**2. Turbocharger/Supercharger:** (factory installed only) Turbocharger/Supercharger Housing and All Internal Parts; and Seals and Gaskets.

**3. Transmission:** (Automatic or Standard) Transmission Case and all Internal Parts plus: Torque Converter, Flywheel/Flex Plate, Vacuum Modulator; Electronic Shift Control Unit; Transmission Cooler; Transmission Mounts; Oil Pan; Slave/Clutch Master Cylinder; Pilot Bearing; Throw-Out Bearing; and Seals and Gaskets.

**4. Transfer Case:** Transfer Case and All Internal Parts; and Seals and Gaskets.

**5. Drive Axle:** (Front and Rear) Drive Axle Case; All Internal Parts contained within the Drive Axle; Locking Hubs; Drive Shafts; Center Support Bearings; Universal Joints; Constant Velocity Joints; Axle Bearings; Four–Wheel Drive Actuator; Differential Cover; and Seals and Gaskets.

3

H520502WBN0602

**6. Steering:** All Internal Parts contained within the Steering Box; Rack and Pinion Gear; Power Steering Pump; Power Steering Hoses; Steering Knuckles; Pitman Arm; Idler Arm; Tie Rod Ends and Drag Link; Steering Dampner; Upper and Lower Steering Column Shafts and Couplings, including Internal Tilt–Wheel Mechanism; Steering Box and Rack and Pinion Gear Housings; Power Steering Assist Cylinder; Power Steering Cooler; Twin "I" Beam & Bushings; and Steering Travel Stop. **Rear Wheel Steering:** Rear Steering Shaft and Couplings; Power Cylinder and Pump; Electronic Control Unit/Solenoid; Phase Control Unit; Stepper Motor; Steering Box; Control Valve; Rack; Tie Rod Ends; and Seals and Gaskets.

**7. Brakes:** Master Cylinder; Power Brake Cylinder; Vacuum/Hydro Assist Booster; Disc Brake Caliper; Wheel Cylinders; Compensating Valve; Brake Hydraulic Lines and Fittings; Hydraulic Control Unit; Hydraulic Trailer Brake Assembly and it's Components. The following ABS Parts are also covered: Electronic Control Processor; Wheel Speed Sensors; Hydraulic Pump/Motor Assembly; Pressure Modulator Valve/Isolation Dump Valve; Accumulator; and Seals and Gaskets.

**8. Electrical:** Alternator; Voltage Regulator; Starter Motor; Starter Solenoid and Starter Drive; Engine Compartment Wiring Harness; Computerized Timing Control Unit; Electronic Ignition Module; Crank Angle Sensor; Knock Sensor; Ignition Switch; Ignition Switch Lock Cylinder; Front and Rear Window Wiper Motor, Washer Pump and Switch; Stop Lamp Switch; Headlamp Switch; Turn Signal Switch; Heater/A.C. Blower Speed Switch; Manual Heater/A.C. Control Head; Horns; Trailer Brake Wiring Harness; Auxiliary Power Supply Wiring; Exterior Cab Lighting; Auxiliary Fuel Tank Switching Unit and Switch; and O-2 Sensors.

**9. Air Conditioner:** Condenser; Compressor, Compressor Clutch and Pulley; Air Conditioning Lines and Hoses; Evaporator; Idler Pulley and Idler Pulley Bearing; High/Low Compressor Cut–off Switch; Expansion Valve; Pressure Cycling Switch; and Seals and Gaskets. The following parts are also covered if they are required in connection with the repair of a covered item listed above: Accumulator/Receiver Dryer; Orifice Tube; Oil and Refrigerant.

## PEAK AND VALUE ADVANTAGE SERIES 1-13 (Plan Code XD7)

**10. Front and Rear Suspension:** Upper and Lower Control Arms; Control Arm Shafts and Bearings or Bushings; Upper and Lower Ball Joints; Radius Arm and Bushings; Torsion Bars, Mounts and Bushings; Stabilizer Bar, Links and Bushings; Struts; Strut Bearing Plates; Spindle and Spindle Support; Wheel Bearings; Pannard Bar; Track Bar; Suspension Bumpers; Leaf Springs; Leaf Spring Shackels and Hardware; Load Assist Shocks; Shocks; Load Assist Springs; Coil Springs; and Seals and Gaskets. **Variable Dampening Suspension:** Compressor; Control Module; Dampening Actuator; Solenoid; Struts; Height Sensor; Mode Selector Switch; and Seals and Gaskets.

**11. Enhanced Electrical:** Automatic Climate Control Programmer; Electronic Instrument Cluster; Mileage Computer; Distributor; Ignition Coil; Electronic Combination Entry System (Does Not Include Transmitters and Receivers for Remote Locks); Cruise Control Module, Transducer, Servo and Amplifier; Powertrain Control Module; Headlamp Motors; Power Window Motor; Power Seat Motor; Power Mirror Motor; Power Antenna Motor/Mast Assembly; Convertible Top Motor; Power Sunroof Motor; Power Window Switch; Cruise Control Engagement Switch; Power Seat Switch; Power Mirror Motor Switch; Rear Defogger Switch; Power Door Lock Actuator and Switch.

**12. Fuel Delivery:** Fuel Injection Pump and Injectors; Vacuum Pump; Fuel Tank; Fuel Tank Sending Unit; Metal Fuel Delivery Lines; Fuel Pressure Regulator; and Fuel Tank Switching Unit/Switch.

**13. Cooling:** Engine Cooling Fan and Motor; Fan Clutch; Belt Tensioner; Radiator; Heater Core; Thermostat; Blower Motor; Hot Water Valve; Engine Oil Cooler; Cooler Lines and Fittings.

## PREMIER ADVANTAGE SERIES (Plan Code UK7)

**Premier Advantage Series:** We will pay or reimburse You for reasonable cost to repair or replace any Breakdown of all parts listed under Mechanical Coverage and any other parts, except for those items listed in the Exclusions Section of this Contract.

### PREMIER WRAP SERIES

| Hyundai/Kia | Isuzu | Volkswagen | Chrysler | All Others |
|---|---|---|---|---|
| (Plan Code HU7) | (Plan Code IW7) | (Plan Code VU7) | (Plan Code CW7) | (Plan Code WK7) |

**Premier Wrap Series:** We will pay or reimburse You for reasonable costs to repair or replace any Breakdown of all parts listed under Mechanical Coverage and any other parts, except for Engine, Turbocharger/Supercharger, Transmission, Transfer Case, and Drive Axle components as listed in the Powertrain Series and except for those items listed under the Exclusions Section of this Contract.

## SURCHARGED OPTIONAL COVERAGES

**CONVERSION COVERAGE:** If the Contract Registration Page shows that You purchased the Conversion Coverage option, You will have the following Coverage (All parts listed must be installed by Licensed Conversion Company):

Electronic – Compact Disc Player; Cassette Player; Speakers; VideoCassette Player/Recorder; Auxiliary Light Switches; and Captain Chair Motor and Switch.

Rear Air Conditioner – Expansion Valve; Evaporator; Capacitors; Relays; Blower Motor and Switch; and Seals and Gaskets.

Camping Accessories – Refrigerator; Stove; LP Gas Regulator, Lines and Fittings; Fresh Water System Pump; Tank; Lines; Faucets and Fittings.

## BENEFITS

**TOWING/ROAD SERVICE:** In the event Your Vehicle is disabled, We will pay or reimburse You for receipted towing or road service expenses up to fifty dollars ($50) per occurrence. For Trucks and/or SUV's We will pay or reimburse You for receipted towing or road service expenses up to seventy-five dollars ($75) per occurrence and up to one hundred dollars ($100) for flatbed (four-wheel drive trucks and SUV's only) per occurrence. Any payment shall be for actual towing or road service charges in excess of any applicable reimbursement from the manufacturer or any other towing or road service Coverage.

**Road Service Coverage** includes the following:
**Battery Service** – If a battery failure occurs, a jump start will be applied to start the covered vehicle.
**Flat Tire Assistance** – Service consists of removal of the flat tire and its replacement with the spare tire.
**Fuel, Oil, Fluid and Water Delivery Service** – An emergency supply of fuel, oil, fluid and water will be delivered if You are in immediate need. You must pay for the fuel or the fluid when it is delivered.
No Deductible will apply to this benefit.

**RENTAL:** In the event of a Breakdown covered by this Contract, We will pay or reimburse You for receipted expenses to rent a replacement vehicle (from a licensed rental agency) or for alternate public transportation while Your Vehicle is at a licensed repair facility. Coverage will be provided to You on the following basis, up to a maximum of thirty dollars ($30) for every eight (8) labor hours, or portion thereof, of applicable labor time required to complete the repair, up to a maximum of one hundred fifty dollars ($150) for each repair visit. This Coverage does not apply to the time waiting for parts, services, weekends or other delays beyond the control of the repair facility or the Administrator. However, an additional three (3) days of rental Coverage applies in the event of a parts delay when an internal repair or replacement is performed on a major component (Engine, Transmission, Drive Axle). No Deductible will apply to this benefit.

**TRIP INTERRUPTION:** In the event of a Breakdown covered by this Contract occurs more than one hundred (100) miles from Your home and results in a repair facility keeping Your Vehicle overnight, We will reimburse You for receipted hotel and restaurant expenses, up to one hundred dollars ($100) per day for a maximum of five (5) days (Total benefit per occurrence of $500). No Deductible will apply to this benefit.

**LOST KEY/LOCK OUT:** In the event the keys for Your Vehicle are lost, broken or accidentally locked in Your Vehicle, We will reimburse You for receipted expenses, up to a maximum of thirty-five dollars ($35) for locksmith services. No Deductible will apply to this benefit.

4

H520502WBN0602

## EXCLUSIONS

**This Vehicle Service Contract Provides No Coverage or Benefits:**

A. FOR ANY PART NOT SPECIFICALLY LISTED UNDER MECHANICAL COVERAGE, INCLUDING ANY OF THE FOLLOWING PARTS: CARBURETOR, BATTERY, STANDARD TRANSMISSION CLUTCH ASSEMBLY, FRICTION CLUTCH DISC AND PRESSURE PLATE, DISTRIBUTOR CAP AND ROTOR, SAFETY RESTRAINT SYSTEMS (INCLUDING AIR BAGS), GLASS, LENSES, SEALED BEAMS, LIGHT BULBS, FUSES, CIRCUIT BREAKERS, CELLULAR PHONES, TELEVISION/VCR, GAME CENTERS, ELECTRONIC TRANSMITTING/RECEIVING DEVICES, GLOBAL POSITIONING SYSTEMS, VOICE RECOGNITION SYSTEMS, BRAKE ROTORS AND DRUMS, ALL EXHAUST COMPONENTS, AND THE FOLLOWING EMISSION COMPONENTS: EGR PURGE VALVE/SOLENOIDS, VACUUM CANISTER, VAPOR RETURN CANISTER, VAPOR RETURN LINES/VALVES, AIR PUMP/LINES/VALVES, CATALYTIC CONVERTER/FILTERING/SENSORS, EMISSION VAPOR SENSORS, WEATHER STRIPS, TRIM, MOLDINGS, BRIGHT METAL CHROME, UPHOLSTERY AND CARPET, PAINT, OUTSIDE ORNAMENTATION, BUMPERS, BODY SHEET METAL AND PANELS, FRAME AND STRUCTURAL BODY PARTS, VINYL AND CONVERTIBLE TOPS, ANY CONVERTIBLE TOP ASSEMBLIES, HARDWARE OR LINKAGES, TIRES (EXCEPT AS MAY OTHERWISE BE PROVIDED UNDER MECHANICAL COVERAGE), WHEEL/RIMS. EXTERNAL NUTS, BOLTS AND FASTENERS ARE NOT COVERED UNLESS SPECIFICALLY LISTED UNDER MECHANICAL COVERAGE (EXCEPT WHERE REQUIRED IN CONJUNCTION WITH A COVERED REPAIR).

B. FOR MAINTENANCE SERVICES AND PARTS DESCRIBED IN YOUR VEHICLE'S OWNER'S MANUAL AS SUPPLIED BY THE MANUFACTURER AND OTHER NORMAL MAINTENANCE SERVICES AND PARTS WHICH INCLUDE, BUT ARE NOT LIMITED TO: ALIGNMENTS, ADJUSTMENTS, WHEEL BALANCING, TUNE-UPS, SPARK PLUGS, SPARK PLUG WIRES, GLOW PLUGS, HOSES, DRIVE BELTS, BRAKE PADS, BRAKE LININGS/SHOES, AND WIPER BLADES. FILTERS, LUBRICANTS, COOLANTS, FLUIDS AND REFRIGERANTS WILL BE COVERED ONLY IF REPLACEMENT IS REQUIRED IN CONNECTION WITH A BREAKDOWN.

C. FOR ANY DAMAGE AND/OR BREAKDOWN RESULTING FROM COLLISION, ROAD HAZARD, FIRE, THEFT, VANDALISM, RIOT EXPLOSION, LIGHTNING, EARTHQUAKE, FREEZING, RUST OR CORROSION, WINDSTORM, HAIL, WATER OR FLOOD, ACTS OF GOD, SALT, ENVIRONMENTAL DAMAGE, CHEMICALS, CONTAMINATION OF FLUIDS, FUELS, COOLANTS OR LUBRICANTS.

D FOR ANY BREAKDOWN CAUSED BY MISUSE, ABUSE, NEGLIGENCE, LACK OF NORMAL MAINTENANCE REQUIRED BY THE MANUFACTURER'S MAINTENANCE SCHEDULE FOR YOUR VEHICLE, OR IMPROPER SERVICING OR REPAIRS SUBSEQUENT TO PURCHASE. FOR ANY BREAKDOWN CAUSED BY SLUDGE BUILD-UP RESULTING FROM YOUR FAILURE TO PERFORM RECOMMENDED MAINTENANCE SERVICES, OR FAILURE TO MAINTAIN PROPER LEVELS OF LUBRICANTS AND/OR COOLANTS, OR FAILURE TO PROTECT YOUR VEHICLE FROM FURTHER DAMAGE WHEN A BREAKDOWN HAS OCCURRED OR FAILURE TO HAVE YOUR VEHICLE TOWED TO THE SERVICE FACILITY WHEN CONTINUED OPERATION MAY RESULT IN FURTHER DAMAGE.

E. FOR ANY REPAIR OR REPLACEMENT OF ANY COVERED PART IF A BREAKDOWN HAS NOT OCCURRED OR IF THE WEAR ON THAT PART HAS NOT EXCEEDED THE FIELD TOLERANCES ALLOWED BY THE MANUFACTURER.

F. IF ANY ALTERATIONS HAVE BEEN MADE TO YOUR VEHICLE OR YOU ARE USING OR HAVE USED YOUR VEHICLE IN A MANNER NOT RECOMMENDED BY THE MANUFACTURER, INCLUDING BUT NOT LIMITED TO, THE FAILURE OF ANY CUSTOM OR ADD-ON PART, ALL FRAME OR SUSPENSION MODIFICATIONS, LIFT KITS, ANY TIRE THAT IS NOT RECOMMENDED BY THE ORIGINAL MANUFACTURER IF IT CREATES AN ODOMETER/SPEEDOMETER VARIANCE OF GREATER THAN 4%, TRAILER HITCHES, EMISSIONS AND/OR EXHAUST SYSTEMS MODIFICATIONS, ENGINE MODIFICATIONS, TRANSMISSION MODIFICATIONS, AND/OR DRIVE AXLE MODIFICATIONS.

G. IF YOUR ODOMETER HAS CEASED TO OPERATE AND ODOMETER REPAIRS HAVE NOT BEEN MADE IMMEDIATELY, OR THE ODOMETER HAS BEEN ALTERED IN ANY WAY SUBSEQUENT TO PURCHASE, OR IF YOUR VEHICLE HAS EVER BEEN A TOTAL LOSS, SALVAGED OR REBUILT.

H. FOR ANY LIABILITY FOR PROPERTY DAMAGE, OR FOR INJURY TO OR DEATH OF ANY PERSON ARISING OUT OF THE OPERATION, MAINTENANCE OR USE OF YOUR VEHICLE DESCRIBED IN THIS CONTRACT, WHETHER OR NOT RELATED TO THE PARTS COVERED. FOR LOSS OF USE, TIME, PROFIT, INCONVENIENCE, OR ANY OTHER CONSEQUENTIAL LOSS (EXCEPT AS MAY OTHERWISE BE PROVIDED UNDER MECHANICAL COVERAGE), INCLUDING ANY CONSEQUENTIAL DAMAGE TO A NON-COVERED PART THAT RESULTS FROM A BREAKDOWN.

I. WHEN THE RESPONSIBILITY FOR THE REPAIR IS COVERED BY AN INSURANCE POLICY, MANUFACTURER AND/OR DEALER CUSTOMER ASSISTANCE PROGRAM, OR ANY WARRANTY FROM THE MANUFACTURER, SUCH AS EXTENDED DRIVE TRAIN, MAJOR COMPONENT OR FULL COVERAGE WARRANTIES (REGARDLESS OF THE REMAINING MANUFACTURER'S WARRANTY WHEN YOU PURCHASED THIS CONTRACT), OR A REPAIRER'S GUARANTEE/WARRANTY. FURTHER, COVERAGE UNDER THIS CONTRACT IS SIMILARLY LIMITED IN THE EVENT OF A BREAKDOWN IF THE MANUFACTURER HAS ANNOUNCED ITS RESPONSIBILITY THROUGH ANY MEANS, INCLUDING PUBLIC RECALLS AND FACTORY SERVICE BULLETINS.

J. IF YOUR VEHICLE IS USED FOR TOWING (USED AS A COMMERCIAL UNIT, FARMING OR RANCHING, ROUTE WORK, JOB-SITE ACTIVITIES, SERVICE OR REPAIR WORK, DELIVERY OF GOODS, OR IS USED FOR RENTAL), OR IS USED FOR RENTAL, TAXI, LIMOUSINE OR SHUTTLE, TOWING/WRECKER SERVICE, DUMPING (DUMP BEDS), CHERRY PICKERS, LIFTING OR HOISTING, POLICE OR EMERGENCY SERVICE, PRINCIPALLY OFF-ROAD USE, RACING OR COMPETITIVE DRIVING.

K. FOR ANY BREAKDOWN OCCURRING PRIOR TO THE CONTRACT PURCHASE DATE, OR IF THE INFORMATION PROVIDED BY YOU, OR THE REPAIR FACILITY CANNOT BE VERIFIED AS ACCURATE OR IS FOUND TO BE DECEPTIVELY INACCURATE.

L. FOR BREAKDOWNS THAT OCCUR AND/OR REPAIRS MADE OUTSIDE OF THE UNITED STATES OF AMERICA AND CANADA.

M. FOR DIAGNOSTIC AND/OR TEARDOWN PROCEDURES THAT ARE NOT LISTED, OR ARE IN EXCESS OF THE TIMES LISTED IN THE CURRENT YEAR'S NATIONAL FLAT RATE HOURLY GUIDE IN CONJUNCTION WITH A COVERED REPAIR.

## SPECIAL STATE REQUIREMENTS/DISCLOSURES

### ALASKA

EXCLUSIONS SECTION –
Item **J.** is amended by adding the following:
This **Contract** does provide **Coverage** if **Your Vehicle** is used for snow removal, provided **Your Vehicle** is properly equipped for such use and is not used commercially.

Item **N.** is added as follows:
This **Contract** does not provide **Coverage** for damages for bad faith, punitive or exemplary damages, personal injury including bodily injury, property damage (except as specifically stated in the **Contract**), and attorney's fees.

### ARIZONA

**Our** obligations under this Service **Contract** are insured by a policy issued by the Insurance Company as stated on the **Declaration Page**. If a covered claim is not paid within thirty (30) days after proof of loss has been filed, **You** may file a claim directly with the Insurance Company.
CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **a.** is amended by adding the following:
**a.** **You** may also cancel this contract by returning it to the **Administrator**, Vemeco, Inc., as listed on the **Declaration Page**.

Item **b.** is deleted and replaced with the following –
**b.** **We** may cancel this **Contract** for non-payment of the **Contract** charge, or for misrepresentation in the submission of a claim made by **You**. **We** may cancel this **Contract** if **Your Vehicle** is found to be modified by **You** in a manner not recommended by the manufacturer, or **Your Vehicle** is found to be used as a commercial vehicle.

### CALIFORNIA

DEFINITIONS SECTION – The definition of **Breakdown** is deleted and replaced with the following:
**Breakdown**– Means the failure of a covered part under normal service due to defects in material and workmanship. A covered part has failed when it can no longer perform the function for which it was designed solely because of its condition and not because of the action or inaction of any non-covered parts.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **d.** is deleted and replaced with the following:
**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term of the plan selected and the date **Coverage** begins, less an administration fee of twenty five ($25.00) dollars or 10% of the **Contract** charge, whichever is less. In the event of cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. The total amount of all authorized claims will be deducted from all refunds.

## CONNECTICUT

Connecticut Public Act, 87-393, Laws 1987, requires an automobile dealer to provide a warranty covering certain classes of used motor vehicles as follows:

Used vehicles with a sale price of $3,000 but less than $5,000

Provides **Coverage** for 30 days or 1,500 miles, whichever occurs first.

Used vehicles with a sale price of $5,000 or more

Provides **Coverage** for 60 days or 3,000 miles, whichever occurs first.

The vehicle **You** purchased may be covered by this law. If so, the following is added to this **Contract**: In addition to the dealer warranty required by this law, **You** have elected to purchase this **Contract**, which may provide **You** with additional protection during the dealer warranty period and provides protection after the dealer warranty has expired. **You** have been charged separately only for this **Contract**. The required dealer warranty is provided free of charge. Furthermore, the definitions, **Coverages** and exclusions stated in this **Contract** apply only to this **Contract** and are not the terms of the required dealer warranty.

## GEORGIA

**Our** obligations under this Service **Contract** are insured by a policy issued by the Insurance Company as stated on the **Declaration Page**. If a covered claim is not paid within sixty (60) days after proof of loss has been filed, **You** may file a claim directly with the Insurance Company.

EXCLUSIONS SECTION – Item **J.** is deleted and replaced with the following:

**J.** If **Your Vehicle** is used for towing (unless **Your Vehicle** is equipped with factory installed or factory authorized tow package), or is used as a commercial unit, or is used for rental, taxi, limousine or shuttle, commercial delivery, towing or road repair operations, construction, job site activities, commercial hauling, police or emergency service, principally off-road use, prearranged or organized racing or competitive driving, snow removal, route-work, service or repair.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **d.** is deleted and replaced with the following:

**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term of the plan selected and the date **Coverage** begins. An administration fee of 10% of the pro-rata refund amount will be applied if this **Contract** is cancelled by **You**. In the event of a cancellation, if this **Contract** is financed, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. If **You** have cancelled this **Contract** and have not received the refund from Us or the **Administrator** within sixty (60) days of such cancellation, **You** may contact the Insurance Company identified on the **Declaration Page**. The total amount of all authorized claims will be deducted from all refunds.

## HAWAII

DEFINITIONS SECTIONS – The definition of **Breakdown** is deleted and replaced with the following:

**Breakdown** – Means the failure of a covered part under normal service due to defects in material and workmanship. A covered part has failed when it can no longer perform the function for which it was designed solely because of its condition and not because of the action or inaction of any non–covered parts.

Hawaii Revised Statutes requires an automobile dealer to provide a warranty covering certain classes of used motor vehicles as follows:

Used vehicles with less than 25,000 miles at the time of sale

Provides **Coverage** for 90 days or 5,000 miles, whichever occurs first.

Used vehicles with 25,000 miles or more but less than 50,000 miles at the time of sale

Provides **Coverage** for 60 days or 3,000 miles, whichever occurs first.

Used vehicles with 50,000 miles or more but not more than 75,000 miles at the time of sale

Provides **Coverage** for 30 days or 1,000 miles, whichever occurs first.

The vehicle **You** have purchased may be covered by this law. If so, the following is added to this **Contract**: In addition to the dealer warranty required by this law, **You** have elected to purchase this **Contract**, which may provide **You** with additional protection during the dealer warranty period and provides protection after the dealer warranty has expired. **You** have been charged separately only for this **Contract**. The required dealer warranty is provided free of charge. Furthermore, the definitions, **Coverages** and exclusions stated in this **Contract** apply only to this **Contract** and are not the terms of the required dealer warranty.

**BENEFITS** – Towing/Road Service and Rental is not available.

## IDAHO

Notice – **Coverage** afforded under this **Contract** is not guaranteed by the Idaho Insurance Guarantee Association.

## ILLINOIS

EXCLUSIONS SECTION – Item **E.** is amended to read:

**E.** For any repair or replacement of any covered part if a **Breakdown** has not occurred. A gradual reduction in operating performance due to wear and tear does not constitute a **Breakdown**.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **d.** is deleted and replaced with the following:

**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term of the plan selected and the date **Coverage** begins. The Vehicle Service **Contract** provider may retain a cancellation fee not to exceed the lesser of 10% of the Vehicle Service **Contract** price or fifty dollars ($50). In the event of a cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. The total amount of all authorized claims will be deducted from all refunds.

**LIMITS OF LIABILITY** – Item **b.** Aggregate is amended to read as follows:

**b.** **Aggregate** – The total of all claims and benefits paid or payable while this **Contract** is in force shall not exceed the Actual Cash Value for **Your Vehicle** (excluding tax, title and license fees).

## INDIANA

**Your** proof of payment to the issuing dealer for this **Contract** shall be considered proof of payment to the Insurance Company which guarantees **Our** obligations to **You**, providing such insurance was in effect at the time **You** purchased this **Contract**.

## IOWA

If **You** have any questions regarding this **Contract**, **You** may contact the **Administrator** by mail or by phone. Refer to the **Declaration Page** for the **Administrator's** address and toll free telephone number. Iowa residents only may also contact the Iowa Insurance Commissioner at the following address: Iowa Insurance Department, 6th floor, Lucas State Office Building, Des Moines, Iowa 50319.

## MASSACHUSETTS

**NOTICE TO CUSTOMER: PURCHASE OF THIS CONTRACT IS NOT REQUIRED IN ORDER TO REGISTER OR FINANCE A VEHICLE. THE BENEFITS PROVIDED MAY DUPLICATE EXPRESS MANUFACTURER'S OR SELLER'S WARRANTIES THAT COME AUTOMATICALLY WITH EVERY SALE. THE SELLER OF THIS COVERAGE IS REQUIRED TO INFORM YOU OF ANY WARRANTIES AVAILABLE TO YOU WITHOUT THIS CONTRACT.**

Chapter 90, Section 7N 1/4 of Massachusetts General Laws requires an automobile dealer to provide a warranty covering certain classes of used motor vehicles as follows:

6

H520502WBN0602

H520502WBN...

## SPECIAL STATE REQUIREMENTS/DISCLOSURES CONT'D

### MASSACHUSETTS CONT'D
Used vehicles with less than 40,000 miles at the time of sale
    Provides **Coverage** for 90 days or 3,750 miles, whichever occurs first.
Used vehicles with 40,000 miles or more but less than 80,000 miles at the time of sale
    Provides **Coverage** for 60 days or 2,500 miles, whichever occurs first.
Used vehicles with 80,000 miles or more but less than 125,000 miles at the time of sale
    Provides **Coverage** for 30 days or 1,250 miles, whichever occurs first.
The vehicle **You** have purchased may be covered by this law. If so, the following is added to this **Contract**: In addition to the dealer warranty required by this law, **You** have elected to purchase this **Contract**, which may provide **You** with additional protection during the dealer warranty period and provides protection after the dealer warranty has expired. **You** have been charged separately only for this **Contract**. The required dealer warranty is provided free of charge. Furthermore, the definitions, **Coverages** and exclusions stated in this **Contract** apply only to this **Contract** and are not the terms of the required dealer warranty.

### MINNESOTA
The **Coverages** listed below are provided to **You** by the dealer at no charge as required by Minnesota Statute 325F.662. The term of the required warranty is based on the mileage at the time of sale as follows:
Used vehicles with less than 36,000 miles at the time of sale
    Provides **Coverage** for 60 days or 2,500 miles, whichever occurs first.
Used vehicles with 36,000 miles or more but less than 75,000 miles at the time of sale
    Provides **Coverage** for 30 days or 1,000 miles, whichever occurs first.
**Engine:** Lubricated Parts; Intake Manifolds; Engine Block; Cylinder Heads; Rotary Engine Housings; and Ring Gear; Water Pump; Externally Mounted Mechanical Fuel Pump; Radiator; Alternator; Generator; and Starter. **Transmission:** Case; Internal Parts; Torque Converter; or, the Manual Transmission Case and Internal Parts. **Drive Axle:** Axle Housings and Internal Parts; Axle Shafts; Drive and Output Shafts; and Universal Joints; but excluding the Secondary Drive Axle on vehicles other than passenger vans, mounted on a truck chassis. **Brakes:** Master Cylinder; Vacuum Assist Booster; Wheel Cylinders; Hydraulic Lines and Fittings; and Disc Brake Calipers. **Steering:** Gear Housing and all Internal Parts; Power Steering Pump; Valve Body; Piston; and Rack. Note: The following parts are covered only on vehicles with less than 36,000 miles: Steering Rack; Radiator; Alternator; Generator; and Starter.

The above **Coverages** are excluded from this **Contract** during the applicable warranty period, unless the dealer becomes unable to meet its obligations. **Your** rights and obligations are fully explained in the dealer issued used vehicle limited warranty document.
CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **d.** is amended by adding the following:
**d.** If **You** have cancelled this **Contract** and have not received the refund from Us or the **Administrator** within sixty (60) days of such cancellation, **You** may contact the Insurance Company identified on the **Declaration Page**.

**Definition:** "**Pre-existing**" is not applicable to Minnesota residents.

EXCLUSIONS SECTION -
**Coverage** Exclusion for breakdowns caused by rust, corrosion, sludge build up or damage to a covered part by a non-covered part does not apply to Minnesota residents.

### NEVADA
This Service **Contract** is not renewable. The provisions of this **Contract** apply only to the original purchaser of the Service **Contract**.
CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Items **b.** and **d.** are DELETED and REPLACED with the following:
**b.** **We** may cancel this **Contract** within 70 days from the date of purchase for any reason. After 70 days, **We** may only cancel this Service **Contract** for fraud, material misrepresentation, nonpayment by **You** or a substantial breach of duties by **You** relating to the covered property or its use. **We** may cancel this **Contract** if **Your Vehicle** is found to be used as a Commercial vehicle. If **We** cancel **Your Contract**, **You** will be entitled to a refund on the unearned **Contract** fee according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term/miles selected and the date **Coverage** begins, no administrative fee will be deducted. In the event **We** cancel this **Contract**, written notice will be sent to **Your** last known address at least 15 days prior to cancellation with the effective date of the cancellation.

**d.** **You** may cancel this **Contract** at anytime. If **You** have made no claim and **Your** request for cancellation is within 30 days, the full price **You** paid for the Service **Contract** will be refunded and no administrative fee will be deducted. If **You** have made a claim under the **Contract**, or if **Your** request is beyond the first 30 days, **We** will refund to **You** an amount based on the pro-rata method, less a $25.00 administrative fee. If **Your Contract** was financed, the outstanding balance will be deducted from any refund, however, **You** will not be charged for claims paid or repair service fees. If **You** cancel this **Contract** and the refund is not processed within 45 days, a 10% penalty will be added to the refund for every 30 days the refund is not paid. The total amount of all authorized claims will be deducted from all refunds.

### NEW HAMPSHIRE
GENERAL PROVISIONS SECTION – Item **8b.** is deleted and replaced with the following:
**b.** To transfer, the following must be submitted to the **Administrator** within 30 days of the change of ownership to a subsequent individual purchaser:
    Original **Contract** and **Declaration Page**; and name and address of new owner, date of sale to new owner, current mileage.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **d.** is deleted and replaced with the following:
**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term of the plan selected and the date **Coverage** begins. In the event of cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. The total amount of all authorized claims will be deducted from all refunds.

### NEW YORK
Section 196b of New York General Business Law requires an automobile dealer to provide a warranty covering certain classes of used motor vehicles as follows:
Used vehicles with 36,000 miles or less at the time of sale
    Provides **Coverage** for 90 days or 4,000 miles, whichever occurs first.
Used vehicles with more than 36,000 miles but less than 80,000 miles at the time of sale
    Provides **Coverage** for 60 days or 3,000 miles, whichever occurs first.
Used vehicles with 80,000 miles or more but no more than 100,000 miles at the time of sale
    Provides **Coverage** for 30 days or 1,000 miles, whichever occurs first.
The vehicle **You** have purchased may be covered by this law. If so, the following is added to this **Contract**: In addition to the dealer warranty required by this law, **You** have elected to purchase this **Contract**, which may provide **You** with additional protection during the dealer warranty period and provides protection after the dealer warranty has expired. **You** have been charged separately only for this **Contract**. The required dealer warranty is provided free of charge. Furthermore, the definitions, **Coverages** and exclusions stated in this **Contract** apply only to this **Contract** and are not the terms of the required dealer warranty.

### NORTH CAROLINA
CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **d.** is deleted and replaced with the following:
**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro–rata method reflecting the greater of the days in force or the miles driven based on the term of the plan selected and the date **Coverage** begins, less an administration fee of $25 or 10% of the pro–rata refund amount, whichever is less. In the event of cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. The total amount of all authorized claims will be deducted from all refunds.

H520502WBN0602

## SPECIAL STATE REQUIREMENTS/DISCLOSURES CONT'D

### OKLAHOMA

**Disclosure Statement:** This service warranty is not issued by the manufacturer or wholesale company marketing the product. This warranty will not be honored by such manufacturer or wholesale company.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** Section – Item **d.** is deleted and replaced with the following:

**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term of the plan selected and the date **Coverage** begins. An administration fee of 10% of the pro-rata refund amount will be applied if this **Contract** is cancelled by **You**. In the event of cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. The total amount of all authorized claims will be deducted from all refunds.

### RHODE ISLAND

Section 31-5.4 of Rhode Island General Business Law requires an automobile dealer to provide a warranty covering certain classes of used motor vehicles as follows:

Used vehicles with 36,000 miles or less at the time of sale
   Provides **Coverage** for 90 days or 4,000 miles, whichever occurs first.
Used vehicles with more than 36,000 miles but less than 100,000 miles at the time of sale
   Provides **Coverage** for 30 days or 1,000 miles, whichever occurs first.

The vehicle **You** have purchased may be covered by this law. If so, the following is added to this **Contract**: In addition to the dealer warranty required by this law, **You** have elected to purchase this **Contract**, which may provide **You** with additional protection during the dealer warranty period and provides protection after the dealer warranty has expired. **You** have been charged separately only for this **Contract**. The required dealer warranty is provided free of charge. Furthermore, the definitions, **Coverages** and exclusions stated in this **Contract** apply only to this **Contract** and are not the terms of the required dealer warranty.

### SOUTH CAROLINA

If **You** have any questions regarding this **Contract**, or a complaint against the Obligor, **You** may contact the South Carolina Department of Insurance at 300 Arbor Lake Drive, Columbia, South Carolina 29223, (803)-737-6180.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **b.** is amended by adding the following:

**b.** If **We** cancel this **Contract We** shall mail a written notice to **You** at the last known address held by Us at least 15 days prior to cancellation, providing **You** with notice of cancellation date and the reason for cancellation. However, prior notice is not required if the reason for cancellation is nonpayment of the provider fee, a material misrepresentation by the Service **Contract** holder to the provider, or a substantial breach of duties by the Service **Contract** holder relating to the covered product or its use.

Items **d.** is deleted and replaced with the following:

**d.** If this **Contract** is cancelled within the first sixty (60) days and no claims have been filed, **We** will refund the entire **Contract** charge paid. If this **Contract** is cancelled after the first sixty (60) days or a claim has been filed, **We** will refund an amount of the **Contract** charge according to the pro-rata method reflecting the greater of the days in force or the miles driven based on the term/miles selected and the date **Coverage** begins, less a twenty-five ($25.00) dollar administrative fee. In the event of cancellation, the lienholder, if any, will be named on a cancellation refund check as their interest may appear. A ten percent penalty per month shall be added to a refund that is not paid or credited within 45 days after return of the Service **Contract** to the provider. The total amount of all authorized claims will be deducted from all refunds.

### TEXAS

If **You** have any questions regarding the regulation of the Service **Contract** provider or a complaint against the Obligor, **You** may contact the Texas Department of Licensing & Regulation, 920 Colorado, P.O. Box 12157, Austin, Texas 78711, (800) 803-9202.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **b.** is amended by adding the following:

**b.** If **We** cancel this **Contract We** shall mail a written notice to **You** at the last known address held by Us before the fifth day preceding the effective date of cancellation. The notice will state the effective date and the reason for the cancellation. However, prior notice is not required if the reason for cancellation is nonpayment of the provider fee, a material misrepresentation by the Service **Contract** holder to the provider, or a substantial breach of duties by the Service **Contract** holder relating to the covered product or its use.

Item **d.** is amended by adding the following:

**d.** If a Service **Contract** is cancelled under this section and the provider does not pay the refund or credit the Service **Contract** holder's account before the 46th day after the date of the return of the Service **Contract** to the provider, the provider is liable to the **Contract** holder for a penalty in an amount not to exceed 10 percent of the amount outstanding per month.

### UTAH

Note: **Coverage** afforded under this **Contract** is not guaranteed by the Property and Casualty Guarantee Association.

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Item **b.** is deleted and replaced with the following:

**b.** **We** may cancel this **Contract** for the following reasons by sending to **You** notice of cancellation and the reason for cancellation, via first class mail, to **Your** last known address:
   1. **We** may cancel this **Contract** for non-payment of the **Contract** charge. Such cancellation will be  effective 10 days after mailing of notice.
   2. **We** may cancel this **Contract** for misrepresentation of a claim, if **Your Vehicle** is found to be modified in a manner not recommended by the manufacturer, or if **Your Vehicle** is found to be used as a Commercial vehicle and the applicable surcharge has not been marked on the **Declaration Page** and payment has not been received for this surcharge. Such cancellation will be effective 30 days after mailing of notice.

### WASHINGTON

CANCELLATION OF VEHICLE SERVICE **CONTRACT** SECTION – Items **a.** and **b.** are deleted and replaced with the following:

**a.** **You** may cancel this **Contract** by returning it to the **Administrator**. An odometer statement indicating the odometer reading at the date of the request will be required. A ten percent (10%) penalty will be added to any refund that is not paid within 30 days of return of the **Contract** to the **Administrator**.

**b.** **We** may cancel this **Contract** for non-payment of the **Contract** Charge, or for misrepresentation in obtaining this **Contract** or in the submission of a claim. If cancelled, written notice of cancellation, including the actual reason for the cancellation, will be mailed to the last mailing address known to the **Administrator** at least:
   1. 10 days before the effective date of cancellation if cancelled for non-payment of the **Contract** charge.
   2. 45 days before the effective date of cancellation if cancelled for any other reason.

### WISCONSIN

THIS WARRANTY IS SUBJECT TO LIMITED REGULATION BY THE OFFICE OF THE COMMISSIONER OF INSURANCE.

WHAT TO DO IN THE EVENT OF A BREAKDOWN – Item **A.4.** is deleted and replaced with the following:

**4.** Obtain Authorization from the **Administrator** – Prior to any repair being made, instruct the Service Manager at the repair facility to contact the **Administrator** to obtain an authorization for the claim. Failure to obtain authorization prior to having repairs made may jeopardize **Coverage** under this **Contract**, except as provided under Emergency Repairs.

The amount authorized by the **Administrator** is the amount that will be paid for repairs covered under the terms of this **Contract**. Any additional amount must receive prior approval.

H520502WBN060

H520502WBN0602

## VEHICLE MAINTENANCE LOG

| DATE SERVICE | MILEAGE WHEN SERVICE / REPAIR ORDER NUMBER | SERVICE PERFORMED | NAME AND ADDRESS OF SERVICING FACILITY | MECHANIC OR SERVICE MANAGER |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

9

H520502WBN0602

b. **Aggregate** – The total of all claims and benefits Vehicle (excluding tax, title and license fees).

1

H520502WBN0

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**07 - 80835**

I. (a) PLAINTIFFS

ROBERT T. KENNEDY, On Behalf of Himself and All Others Similarly Situated,

DEFENDANTS

BUTLER FINANCIAL SOLUTIONS, LLC, et al.

(See attached page for other Defendants)

**(b)** County of Residence of First Listed Plaintiff __Douglas County, CO__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Scott R. Shepherd, Shepherd, Finkelman, Miller & Shah, LLC, 4400 North Federal Highway, Lighthouse Point, FL 33064; Tel: 954-943-9191

Attorneys (If Known)

**CIV-HURLEY**
/ HOPKINS

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

WPB-07-80835-CIV-HURLEY-HOPKINS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 15 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent. Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. Section 1332(d). Defendant denies payment of claims without proper legal basis.

LENGTH OF TRIAL via _7_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 9/07/07

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 966298

09/11/07

**KENNEDY V. BUTLER FINANCIAL, LLC, et al.**

**Listing of Further Defendants**

**Heritage Warranty Insurance Risk Retention Group, Inc. f/k/a Heritage Warranty Mutual Insurance Risk Retention Group, Inc., a South Carolina corporation**