**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT T. KENNEDY, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 08 C 1862** |
| vs. ) | |
| ) | **JUDGE KOCORAS** |
| **BUTLER FINANCIAL SOLUTIONS,** ) | |
| **LLC, et al.** ) | |
| ) | |
| **Defendants** ) | |

**DEFENDANT HERITAGE WARRANTY INSURANCE RISK RETENTION GROUP'S
FED. R. CIV. P. 12(b) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Heritage Warranty Insurance Risk Retention Group, Inc. (hereinafter "Heritage"), by its attorneys, files the following Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6):

1.   This Court should dismiss Plaintiff's Complaint as to Heritage, because Plaintiff lacks standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage. Because Plaintiff lacks standing, this Court lacks subject matter jurisdiction over Plaintiff's claim.

2.   First, Plaintiff had no recourse against Heritage under the Vehicle Service Contract at issue – and Heritage had no potential obligations to Plaintiff – until the passage of sixty (60) days from the date a proof of loss was filed. Plaintiff's vehicle was damaged in August 2007 and he filed this lawsuit against Heritage on September 11, 2007, less than 60 days later. Accordingly, on the date that Plaintiff filed his Complaint, Plaintiff had no standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage.

2

      3.      Second, Plaintiff lacks standing, and this Court therefore lacks subject matter jurisdiction, because Heritage has already tendered to Plaintiff $386.70 – the full amount of Plaintiff's claim – which Plaintiff has refused to accept.  Heritage's tender of the very relief that Plaintiff seeks renders Plaintiff's claims moot and deprives him of standing.

      4.      Heritage incorporates its Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed contemporaneously herewith, as if fully set forth herein.

      WHEREFORE, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and grant Defendant such other and further relief as the Court deems just and proper.


Respectfully submitted, this 4/11/2008:


                                                                    /s/ John K. Kallman

John K. Kallman
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515
jkkallman@sbcglobal.net


Attorneys for Heritage Warranty Insurance Risk Retention Group, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. KENNEDY, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1862 |
| vs. ) | |
| ) | JUDGE KOCORAS |
| BUTLER FINANCIAL SOLUTIONS, ) | |
| LLC, et al. ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**FED. R. CIV. P. 12(b) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Heritage Warranty Insurance Risk Retention Group, Inc. (hereinafter "Heritage"), by its attorneys, files the following Memorandum of Law in support of its Motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**INTRODUCTION**

Plaintiff's Complaint fails to state a claim against Heritage and therefore should be dismissed as to Heritage. Taking Plaintiff's own allegations as true, Heritage does not have any liability for Vehicle Service Contract claims such as Plaintiff's until the passage of sixty (60) days from the date a proof of loss is filed. When Plaintiff filed his Complaint on September 11, 2007, 60 days had not passed since his vehicle was damaged in August 2007. As a result, on September 11, 2007, Plaintiff had no standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage.

Moreover, Plaintiff lacks standing, and this Court therefore lacks subject matter jurisdiction, because Heritage has already tendered to Plaintiff the full amount of Plaintiff's claim. Plaintiff cannot attempt to keep his claim alive by refusing to accept Defendant's tender

of the very relief that he seeks. Plaintiff's desire to represent a putative class does not give him standing, because Plaintiff's own claim is moot.

## STANDARD OF DECISION

In ruling on a Rule 12(b)(6) motion, the Court must construe the complaint's allegations in the light most favorable to the plaintiff, taking as true all well-pleaded facts. *E.g., Applied Indus. Materials Corp. v. Mallinckrodt*, 102 F.Supp.2d 934, 936 (N.D. Ill. 2000), citing *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Courts need not however, "strain to find inferences favorable to the plaintiffs which are not apparent on the face of [the] complaint." *Coates v. Ill. State Bd. Of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). "To be cognizable, the factual allegations contained within a complaint must raise a claim for relief 'above the speculative level.'" *Garelli Wong & Associates, Inc. v. Nichols*, 2008 WL 161790 at * 4 (N.D. Ill., Jan 16, 2008) citing *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

The Court cannot "ignore any facts set forth in the complaint" or its exhibits "that undermine the plaintiff's claim." *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992). To the contrary, the "well-settled rule" is that, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Show, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

Further, in a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), "the plaintiff bears the burden of establishing subject matter jurisdiction, and the court may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists." *Ptasinska v. U.S. Dept. of State*, 2007 WL 3241560 at *2 (N.D. Ill. Nov 01, 2007). "When a party moves for dismissal under rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations." *Yacobo v. Achim*, 2007 WL 1030295 at * 1 (N. D. Ill., March 30, 2007). *See also Garelli Wong*, 2008 WL 161790 at * 4 ("The plaintiff bears the burden of establishing that the jurisdiction requirements have

been met. When a defendant moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdictional facts").

## ARGUMENT

### A. Plaintiff Has Failed to State A Claim Against Heritage and Lacks Standing to Assert a Claim Against Heritage

Taking Plaintiff's allegations as true, Plaintiff has failed to state a claim against Heritage and lacks standing to seek any relief from Heritage. Plaintiff filed his Complaint against Heritage on September 11, 2007 claiming that his vehicle sustained a mechanical failure in August of 2007 (See, Complaint, ¶14). Plaintiff contends that this entitles him to bring a claim against Heritage pursuant to the Vehicle Service Contract ("VSC") Plaintiff purchased. What is perfectly clear, and acknowledged by Plaintiff, is that pursuant to the terms of the VSC, until sixty (60) days passes after a proof of Plaintiff's loss is filed, Plaintiff has no recourse against Heritage for his VSC claim (See, Complaint, ¶¶ 1, 13 and Exhibit A to the Complaint).

Plaintiff alleges that after Plaintiff's Vehicle sustained a mechanical failure in August 2007, Plaintiff took the Vehicle to a dealer (See, Complaint, ¶14). The dealer contacted Butler's claims administrator (See, Complaint, ¶14). The administrator, apparently Vemeco, Inc. (identified in the VSC attached as Exhibit A to Plaintiff's Complaint), approved the repair being sought, acknowledged that the repair was covered under the VSC, but nonetheless refused to authorize payment for the repair. Instead, Plaintiff alleges that Butler's administrator told Plaintiff and his dealer that they would need to seek payment directly from Heritage (See,

Complaint, ¶14). Based on Plaintiff's own allegations, all of these actions occurred between August 2007 and September 11, 2007 (See, Complaint, ¶14).

Even if the mechanical failure to Plaintiff's vehicle occurred on August 1, 2007, the filing of this lawsuit, and any demand made upon Heritage prior to the filing of this lawsuit on September 11, 2007, was premature since sixty days had not elapsed between the date of the occurrence and September 11, 2007, the date Plaintiff filed this Complaint.

By Plaintiff's own admissions, Plaintiff had no right to seek payment from Heritage and Heritage had no obligation to pay Plaintiff's claim between August 2007 and September 11, 2007 because 60 days had not passed from the date of Plaintiff' mechanical failure—and necessarily the filing of a proof of loss. (See, Complaint, ¶13 and Exhibit A attached to Complaint). This is consistent with Plaintiff's stated reason for bringing this lawsuit:

> Under the plain terms of the [Vehicle Service Contracts] VSCs, Butler must pay the reasonable costs associated with certain automobile part failures or mechanical breakdowns experienced by the contract holders' vehicles. The VSCs further state that Butler's obligations to pay covered claims under the VSCs are insured under a Vehicle Service Contract Reimbursement Policy ("Insurance Policy") issued by Defendant, [Heritage], and **that if a covered claim is not paid within sixty days, the consumer may submit his or her claim directly to Heritage.**

See, Plaintiff's Complaint, ¶1 (emphasis added)

As stated above, and as acknowledged by Plaintiff's Complaint, as of September 11, 2007, Plaintiff had no right to assert a claim against Heritage, and Heritage had no obligation to pay for Plaintiff's repairs because sixty (60) days had not yet elapsed. Therefore, Plaintiff lacked standing to assert any claims against Heritage at the time the Complaint was filed and Plaintiff

has failed to state a claim against Heritage. Plaintiff's Complaint should be dismissed as to Heritage.

>    B.  **Plaintiff's Claim Is Moot, And Plaintiff Therefore Lacks Standing, Because Heritage Has Already Tendered To Plaintiff The Full Amount of His Claim, Which Plaintiff Has Refused.**

Plaintiff's claim is moot, and therefore Plaintiff lacks standing to pursue his claims, because Heritage has already tendered to Plaintiff the relief that he seeks in this lawsuit. Because Plaintiff no longer has a live controversy, this Court lacks subject matter jurisdiction and Plaintiff's claim must be dismissed.

On November 5, 2007, more than 60 days after Plaintiff's Vehicle's mechanical failure, and after investigating Plaintiff's claim, Heritage tendered payment in the amount of $386.70—the amount of Plaintiff's claim—to Plaintiff's counsel. (See, February 11, 2008 Declaration of Scott R. Shepherd, ¶ 3, attached for convenience hereto as Exhibit A ("Shepherd Declaration").[1] On November 7, 2007, Plaintiff, through counsel, rejected Heritage's tender of payment and returned the $386.70 check to Heritage (See, Shepherd Declaration, ¶ 4).

---

[1] The February 11, 2008 Shepherd Declaration was filed in this case as an attachment to Plaintiff's Surreply in Further Response to Defendant Heritage's Motion to Dismiss or Transfer while this case was pending in the United States District Court for the Southern District of Florida [D.E. 50], and is properly before this Court on Heritage's Motion to Dismiss. In a motion brought pursuant to Fed. R. Civ. P. 12(b)(1), "the court may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists." *Ptasinska*, 2007 WL 3241560 at *2. Moreover, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a district court may consider matters of public record, such as public court documents." *Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929, fn. 3 (N.D. Ill. 2006); *see also Limestone Dev. Corp. v. Village of Lemont*, 473 F.Supp.2d 858, 867-68 (N.D. Ill. 2007), *aff'd*, --- F.3d ----, 2008 WL 852586 (7th Cir., Apr 01, 2008) (when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), district court can take judicial notice of matters of public record, including "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue") (citations omitted).

Under Article III of the United States Constitution, federal courts only have jurisdiction over "actual, ongoing controversies." *Ptasinska v. U.S. Dept. of State*, 2007 WL 3241560 at *2 (N.D. Ill. Nov 01, 2007), *motion to amend denied*, 2008 WL 294907 (N. D. Ill., Jan. 31, 2008) (J. Kocoras) (citations omitted); *see also Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein*, 29 F.3d at 1147; *see also Ptasinska*, 2007 WL 3241560 at *2.

Where, as here, the Defendant tenders the full relief that the Plaintiff seeks, the case is moot – regardless of whether the Plaintiff chooses to accept the tender of relief. Courts in this Circuit have uniformly held that Plaintiff cannot keep his claim alive by simply refusing to accept Defendant's tender of the very relief that he seeks. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Holstein*, 29 F.3d at 1147 (citations omitted) (holding plaintiff's claim was rendered moot by defendant's offer to refund the money that plaintiff sued to recover, despite plaintiff's refusal of the offer); *see also Gates v. Towery*, 456 F. Supp.2d 953, 960 (N.D. Ill. 2006) ("A plaintiff's personal interest ends when the defendant offers to satisfy the plaintiff's entire demand. A plaintiff cannot preserve its interest merely by refusing the offer").

Nor is this conclusion affected by the fact that Plaintiff seeks to bring this lawsuit as a class action, because Plaintiff has not yet moved for class certification, and no class has been

certified. It is well-established in this Circuit that the mooting of the named plaintiff's claim moots the entire action, if no motion for class certification has been made or ruled upon. *See Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007) ("if the would-be representative's claim becomes moot before certification, then the case must be dismissed"); *Giblin v. Revenue Prod. Management*, 2008 WL 780627 at * 2 (N.D. Ill., March 24, 2008) ("a class action will be mooted by an offer of judgment only if the offer is made before plaintiff has moved for class certification") citing *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003); *Curtis v. Das*, 1990 WL 60745 (N.D. Ill., April 26, 1990) (J. Kocoras).

Plaintiff may attempt to argue that a defendant cannot avoid a class action lawsuit simply by paying the claim of the named plaintiff before the plaintiff files a motion for class certification. However, this Court has squarely rejected that argument. In *Ptasinska*, the plaintiff attempted to avoid this Court's conclusion that her claim became mooted after defendant tendered the very relief she sought, by arguing that such a holding would allow defendants to avoid a class action by "picking off" putative class representatives. This Court rejected plaintiff's argument, and held that "Fed.R.Civ.P. permits a defendant to 'pick off' plaintiffs one by one, as long as the defendant's offers are made before the plaintiff's motions for class certification are filed." *Ptasinska*, 2008 WL 294907 at * 3 (citing *White v. Humana Health Plan, Inc.*, 2007 WL 1297130 (N. D. Ill. May 2, 2007)) (citing *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 100 S. Ct. 1166 (1980)).

Moreover, the facts of this case negate any implication by Plaintiff that Heritage's tender of payment of Plaintiff's claim after Plaintiff filed this lawsuit was an attempt to "pick off" Plaintiff, because Plaintiff's claim against Heritage did not even accrue until after Plaintiff filed this lawsuit. *See supra*, Part A. Plaintiff filed this lawsuit on September 11, 2007, less than 60 days after proof of loss could have been filed. On November 5, 2007, after investigating Plaintiff's claim, Heritage tendered payment of $386.70, the amount of Plaintiff's claim. It would be anomalous to hold that Heritage could not pay Plaintiff's claim and resolve this lawsuit *after* this lawsuit was filed, when Heritage had absolutely no obligation to Plaintiff *at the time* that Plaintiff filed his Complaint.

## CONCLUSION

For the foregoing reasons, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 4/11/2008:

/s/ John K. Kallman

John K. Kallman
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515
jkkallman@sbcglobal.net

Attorneys for Heritage Warranty Insurance Risk Retention Group, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 07-80835 CIV-HURLEY

ROBERT T. KENNEDY, On Behalf of Himself
and All Others Similarly Situated,

    Plaintiff,

vs.

BUTLER FINANCIAL SOLUTIONS, LLC, a
Delaware Limited Liability Company, and
HERITAGE WARRANTY INSURANCE RISK
RETENTION GROUP, INC., f/k/a HERITAGE
WARRANTY MUTUAL INSURANCE RISK
RETENTION GROUP, INC., a South Carolina
corporation,

    Defendants.
_____/

### DECLARATION OF SCOTT R. SHEPHERD

I, SCOTT R. SHEPHERD, hereby declare that:

1.     I am counsel for Plaintiff and Class Representative, Robert Kennedy.

2.     Plaintiff's Class Action Complaint in this action was filed on September 11, 2007.

3.     On November 5, 2007, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. sent to Plaintiff's counsel Jeffrey Berens a check in the amount of $386.70, purporting to provide to Plaintiff the reimbursement for his automobile repair expenses, which, according to Heritage, Defendant Butler should have paid.

1


EXHIBIT A

4.  By letter dated November 7, 2007, Plaintiff, through counsel, rejected Heritage's offer and returned the check.. Plaintiff advised Heritage, *inter alia,* that he could not accept individual damages absent a similar offer to the Class members he represents, and he asked Heritage to provide a similar reimbursement offer to the entire Class.

5.  Heritage did not respond.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Dated: February 11, 2008

s/Scott R/. Shepherd
Scott R. Shepherd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. KENNEDY,        ) | |
| ) | No.  08  C 1862 |
| Plaintiff,        ) | |
| ) | |
| vs.        ) | |
| ) | |
| BUTLER FINANCIAL SOLUTIONS, LLC and        ) | |
| HERITAGE WARRANTY INSURANCE RISK        ) | JUDGE KOKORAS |
| RETENTION GROUP, INC.,        ) | |
| ) | |
| Defendant.        ) | |

NOTICE OF FILING: NOTICE OF MOTION AND MOTION TO DISMISS OF
HERITAGE WARRANTY INSURANCE RISK RETENTION GROUP, INC.

Please take notice that we have filed electronically with the Clerk of Court this 11th day of April, 2008, defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s Notice of Motion, Motion to Dismiss and Memorandum in support of Motion to Dismiss.

                                                  /s/ John K. Kallman

John K. Kallman
one of the attorneys
for defendant Heritage Warranty Insurance Risk Retention Group, Inc.
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515

**CERTIFICATE OF SERVICE**

     John K. Kallman, the attorney for defendant, certifies that a true copy of the foregoing pleading has been filed electronically in the ECF system, and mechanically served upon each of the following parties

**James C. Shah, Esq.**
**Shepherd Finkelman Miller & Shah**
**35 E. State Street**
**Media, PA 19063**

**Scott Rhead Shepherd, Esq.**
**Shepherd Finkelman Miller & Shah**
**1640 Town Center Circle**
**Suite 216**
**Weston, FL 33326**

**Douglas P. Dehler, Esq.**
**Shepherd Finkelman Miller & Shah**
**111 E. Wisconsin Avenue**
**Suite 1750**
**Milwaukee, WI 53202**

**James E. Miller, Esq.**
**Shepherd Finkelman Miller & Shah**
**65 Main Street**
**Chester, CT 60412**

**Jeffrey A. Berens, Esq.**
**Jeffrey A. Berens LLC**
**8691 E. 26th Avenue**
**Denver, CO 80238**

**Michael Murphy Tannen, Esq.**
**39 S. LaSalle Street**
**Suite 905**
**Chicago, IL 60603**

this   __11th__   day of   _____April_____  , 2008, by:

○    **delivery, before 4:00 p.m.**

○    **fax transmission**

X    **depositing the same in the United States Mail post box at 221 N. LaSalle St., Chicago, postage fully prepaid, before 5:00 p.m.**

                                                                   /s/ John K. Kallman