**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT T. KENNEDY, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 C 1862** |
| **vs.** | ) | |
| | ) | **JUDGE KOCORAS** |
| **BUTLER FINANCIAL SOLUTIONS,** | ) | |
| **LLC, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANT HERITAGE WARRANTY INSURANCE RISK RETENTION GROUP'S
MOTION TO STAY RULING ON PLAINTIFF'S MOTION FOR REASSIGNMENT OF
RELATED ACTION PURSUANT TO LOCAL RULE 40.4**

Defendant, Heritage Warranty Insurance Risk Retention Group, Inc. (hereinafter "Heritage"), by its attorneys, files the following Motion to Stay Ruling on Plaintiff's Motion For Reassignment Of Related Action Pursuant to Local Rule 40.4, and in support states as follows:

1.      There currently exists a discreet issue pending before Judge Kocoras in the Kennedy Case ("Case No. 1862") that should be resolved prior to turning to the issue of whether or not Case No. 1862 should be deemed a related case and reassigned to Judge Marovich in connection with Case No. 3539.

2.      Heritage understands that the other parties to Case No. 3539, Butler Financial Solutions, LLC, Harris Miller, Warrantech Automotive, Inc., Warrantech Corporation, Warrantech Automotive of Florida, Inc. and Vemeco, Inc., plan to join Heritage's Motion to Stay Ruling on Kennedy's Motion For Reassignment.

3.      The discreet issue in Case No. 1862 is that on April 11, 2008, Heritage filed a Motion to Dismiss Plaintiff's (Kennedy's) Complaint along with an accompanying Memorandum of Law.  A copy of such Motion and Memorandum is attached hereto.

4.      On April 29, 2008, Judge Kocoras set a briefing schedule on Heritage's Motion to Dismiss.  Kennedy is to file an Opposition to Heritage's Motion to Dismiss on May 29, 2008. Heritage's Reply is due on June 12, 2008.  Judge Kocoras has indicated he will then rule on Heritage's Motion to Dismiss by mail.

5.      As set forth in Heritage's Motion to Dismiss and Memorandum of Law filed in Case No. 1862, Kennedy's Complaint should be dismissed because:

a.  Kennedy, the only named plaintiff in the case, had no recourse against Heritage under the Vehicle Service Contract at issue – and Heritage had no potential obligations to Plaintiff – until the passage of sixty (60) days from the date a proof of loss was filed.  Plaintiff's vehicle was damaged in August 2007 and he filed this lawsuit against Heritage on September 11, 2007, less than 60 days later. Accordingly, on the date that Plaintiff filed his Complaint, Plaintiff had no standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage.

b.  Second, Kennedy lacks standing, and the Court therefore lacks subject matter jurisdiction, because Heritage has already tendered to Plaintiff $386.70 – the full amount of Plaintiff's claim – which Plaintiff has refused to accept.  Heritage's tender of the very relief that Plaintiff seeks renders Plaintiff's claims moot and deprives him of standing.  The fact that Kennedy purports to act as a class representative does not change this analysis.  *See*, *Bertrand v. Maram*, 495 F.3d

452, 455 (7th Cir. 2007)("If the would-be representative's claim becomes moot before certification, then the case must be dismissed."); *Giblin v. Revenue Prod. Management*, 2008 WL 780627 at *2 (N.D. Ill., March 24, 2008 ("a class action will be mooted by an offer of judgment only if the offer is made before plaintiff has moved for class certification.") *citing Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003); *Curtis v. Das*, 1990 WL 60745 (N.D. Ill., April 26, 1990) (J. Kocoras).  *See also*, Heritage's Memorandum of Law, pp.5-8.

6.      On April 15, 2008, Butler Financial Solutions, LLC joined the portion of Heritage's Motion to Dismiss seeking a dismissal on the grounds that full payment of Plaintiff's claim was tendered and refused, and therefore, Plaintiff's claim is moot and Plaintiff lacks standing.

7.      Provided Judge Kocoras grants Heritage and Butler's Motions to Dismiss, there will be no Case No. 1862 to reassign.  In the interest of judicial time and effort, the discreet issue pending before Judge Kocoras should be resolved prior to any briefing or ruling on Kennedy's Motion for Reassignment.

8.      In the alternative, if this Court denies Heritage's instant Motion to Stay Ruling on Kennedy's Motion For Reassignment, Heritage requests the opportunity to file a brief in response to Kennedy's Motion for Reassignment and requests that a briefing schedule be set on the Motion for Reassignment.

WHEREFORE, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. respectfully requests that the Court grant its Motion to Stay Ruling on Plaintiff's Motion For Reassignment Of Related Action Pursuant to Local Rule 40.4.

Respectfully submitted, this 4/29/2008:

_____

John K. Kallman
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515
jkkallman@sbcglobal.net


Attorneys for Heritage Warranty Insurance Risk Retention Group, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT T. KENNEDY, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 C 1862** |
| vs. | ) | |
| | ) | **JUDGE KOCORAS** |
| **BUTLER FINANCIAL SOLUTIONS,** | ) | |
| **LLC, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANT HERITAGE WARRANTY INSURANCE RISK RETENTION GROUP'S
FED. R. CIV. P. 12(b) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Heritage Warranty Insurance Risk Retention Group, Inc. (hereinafter "Heritage"), by its attorneys, files the following Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6):

1.    This Court should dismiss Plaintiff's Complaint as to Heritage, because Plaintiff lacks standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage.  Because Plaintiff lacks standing, this Court lacks subject matter jurisdiction over Plaintiff's claim.

2.    First, Plaintiff had no recourse against Heritage under the Vehicle Service Contract at issue – and Heritage had no potential obligations to Plaintiff – until the passage of sixty (60) days from the date a proof of loss was filed.  Plaintiff's vehicle was damaged in August 2007 and he filed this lawsuit against Heritage on September 11, 2007, less than 60 days later.  Accordingly, on the date that Plaintiff filed his Complaint, Plaintiff had no standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage.

2

3.       Second, Plaintiff lacks standing, and this Court therefore lacks subject matter jurisdiction, because Heritage has already tendered to Plaintiff $386.70 – the full amount of Plaintiff's claim – which Plaintiff has refused to accept. Heritage's tender of the very relief that Plaintiff seeks renders Plaintiff's claims moot and deprives him of standing.

4.       Heritage incorporates its Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed contemporaneously herewith, as if fully set forth herein.

WHEREFORE, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 4/11/2008:

                                            /s/ John K. Kallman

John K. Kallman
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515
jkkallman@sbcglobal.net

Attorneys for Heritage Warranty Insurance Risk Retention Group, Inc.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT T. KENNEDY, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 C 1862** |
| **vs.** | ) | |
| | ) | **JUDGE KOCORAS** |
| **BUTLER FINANCIAL SOLUTIONS,** | ) | |
| **LLC, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**FED. R. CIV. P. 12(b) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Heritage Warranty Insurance Risk Retention Group, Inc. (hereinafter "Heritage"), by its attorneys, files the following Memorandum of Law in support of its Motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**INTRODUCTION**

Plaintiff's Complaint fails to state a claim against Heritage and therefore should be dismissed as to Heritage.  Taking Plaintiff's own allegations as true, Heritage does not have any liability for Vehicle Service Contract claims such as Plaintiff's until the passage of sixty (60) days from the date a proof of loss is filed.  When Plaintiff filed his Complaint on September 11, 2007, 60 days had not passed since his vehicle was damaged in August 2007.  As a result, on September 11, 2007, Plaintiff had no standing to bring a claim against Heritage and Plaintiff's Complaint fails to state a claim against Heritage.

Moreover, Plaintiff lacks standing, and this Court therefore lacks subject matter jurisdiction, because Heritage has already tendered to Plaintiff the full amount of Plaintiff's claim.  Plaintiff cannot attempt to keep his claim alive by refusing to accept Defendant's tender

of the very relief that he seeks.  Plaintiff's desire to represent a putative class does not give him standing, because Plaintiff's own claim is moot.

**STANDARD OF DECISION**

In ruling on a Rule 12(b)(6) motion, the Court must construe the complaint's allegations in the light most favorable to the plaintiff, taking as true all well-pleaded facts.  *E.g., Applied Indus. Materials Corp. v. Mallinckrodt*, 102 F.Supp.2d 934, 936 (N.D. Ill. 2000), citing *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).  Courts need not however, "strain to find inferences favorable to the plaintiffs which are not apparent on the face of [the] complaint." *Coates v. Ill. State Bd. Of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977).  "To be cognizable, the factual allegations contained within a complaint must raise a claim for relief 'above the speculative level.'" *Garelli Wong & Associates, Inc. v. Nichols*, 2008 WL 161790 at * 4 (N.D. Ill., Jan 16, 2008) citing *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

The Court cannot "ignore any facts set forth in the complaint" or its exhibits "that undermine the plaintiff's claim." *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992).  To the contrary, the "well-settled rule" is that, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Show, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

Further, in a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), "the plaintiff bears the burden of establishing subject matter jurisdiction, and the court may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists." *Ptasinska v. U.S. Dept. of State*, 2007 WL 3241560 at *2 (N.D. Ill. Nov 01, 2007).  "When a party moves for dismissal under rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations." *Yacobo v. Achim*, 2007 WL 1030295 at * 1 (N. D. Ill., March 30, 2007).  *See also Garelli Wong*, 2008 WL 161790 at * 4 ("The plaintiff bears the burden of establishing that the jurisdiction requirements have

been met. When a defendant moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdictional facts").

## **ARGUMENT**

### A.    **Plaintiff Has Failed to State A Claim Against Heritage and Lacks Standing to Assert a Claim Against Heritage**

Taking Plaintiff's allegations as true, Plaintiff has failed to state a claim against Heritage and lacks standing to seek any relief from Heritage.  Plaintiff filed his Complaint against Heritage on September 11, 2007 claiming that his vehicle sustained a mechanical failure in August of 2007 (See, Complaint, ¶14).  Plaintiff contends that this entitles him to bring a claim against Heritage pursuant to the Vehicle Service Contract ("VSC") Plaintiff purchased.  What is perfectly clear, and acknowledged by Plaintiff, is that pursuant to the terms of the VSC, until sixty (60) days passes after a proof of Plaintiff's loss is filed, Plaintiff has no recourse against Heritage for his VSC claim (See, Complaint, ¶¶ 1, 13 and Exhibit A to the Complaint).

Plaintiff alleges that after Plaintiff's Vehicle sustained a mechanical failure in August 2007, Plaintiff took the Vehicle to a dealer (See, Complaint, ¶14). The dealer contacted Butler's claims administrator (See, Complaint, ¶14).  The administrator, apparently Vemeco, Inc. (identified in the VSC attached as Exhibit A to Plaintiff's Complaint), approved the repair being sought, acknowledged that the repair was covered under the VSC, but nonetheless refused to authorize payment for the repair.  Instead, Plaintiff alleges that Butler's administrator told Plaintiff and his dealer that they would need to seek payment directly from Heritage (See,

Complaint, ¶14).   Based on Plaintiff's own allegations, all of these actions occurred between

August 2007 and September 11, 2007 (See, Complaint, ¶14).

Even if the mechanical failure to Plaintiff's vehicle occurred on August 1, 2007, the filing

of this lawsuit, and any demand made upon Heritage prior to the filing of this lawsuit on

September 11, 2007, was premature since sixty days had not elapsed between the date of the

occurrence and September 11, 2007, the date Plaintiff filed this Complaint.

By Plaintiff's own admissions, Plaintiff had no right to seek payment from Heritage and

Heritage had no obligation to pay Plaintiff's claim between August 2007 and September 11,

2007 because 60 days had not passed from the date of Plaintiff' mechanical failure—and

necessarily the filing of a proof of loss.   (See, Complaint, ¶13 and Exhibit A attached to

Complaint).  This is consistent with Plaintiff's stated reason for bringing this lawsuit:

> Under the plain terms of the [Vehicle Service Contracts] VSCs, Butler must
> pay the reasonable costs associated with certain automobile part failures or
> mechanical breakdowns experienced by the contract holders' vehicles.  The
> VSCs further state that Butler's obligations to pay covered claims under
> the VSCs are insured under a Vehicle Service Contract Reimbursement
> Policy ("Insurance Policy") issued by Defendant, [Heritage], and **that if a
> covered claim is not paid within sixty days, the consumer may submit
> his or her claim directly to Heritage.**

See, Plaintiff's Complaint, ¶1 (emphasis added)

As stated above, and as acknowledged by Plaintiff's Complaint, as of September 11,

2007, Plaintiff had no right to assert a claim against Heritage, and Heritage had no obligation to

pay for Plaintiff's repairs because sixty (60) days had not yet elapsed.  Therefore, Plaintiff lacked

standing to assert any claims against Heritage at the time the Complaint was filed and Plaintiff

4

has failed to state a claim against Heritage.  Plaintiff's Complaint should be dismissed as to

Heritage.

> **B.    Plaintiff's Claim Is Moot, And Plaintiff Therefore Lacks Standing, Because Heritage Has Already Tendered To Plaintiff The Full Amount of His Claim, Which Plaintiff Has Refused.**

Plaintiff's claim is moot, and therefore Plaintiff lacks standing to pursue his claims,

because Heritage has already tendered to Plaintiff the relief that he seeks in this lawsuit.

Because Plaintiff no longer has a live controversy, this Court lacks subject matter jurisdiction

and Plaintiff's claim must be dismissed.

On November 5, 2007, more than 60 days after Plaintiff's Vehicle's mechanical failure,

and after investigating Plaintiff's claim, Heritage tendered payment in the amount of $386.70—

the amount of Plaintiff's claim—to Plaintiff's counsel.  (See, February 11, 2008 Declaration of

Scott R. Shepherd, ¶ 3, attached for convenience hereto as Exhibit A ("Shepherd Declaration").[1]

On November 7, 2007, Plaintiff, through counsel, rejected Heritage's tender of payment and

returned the $386.70 check to Heritage (See, Shepherd Declaration, ¶ 4).

---

[1] The February 11, 2008 Shepherd Declaration was filed in this case as an attachment to Plaintiff's Surreply in Further Response to Defendant Heritage's Motion to Dismiss or Transfer while this case was pending in the United States District Court for the Southern District of Florida [D.E. 50], and is properly before this Court on Heritage's Motion to Dismiss.  In a motion brought pursuant to Fed. R. Civ. P. 12(b)(1), "the court may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists."  *Ptasinska*, 2007 WL 3241560 at *2.  Moreover, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a district court may consider matters of public record, such as public court documents."  *Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929, fn. 3 (N.D. Ill. 2006); *see also Limestone Dev. Corp. v. Village of Lemont*, 473 F.Supp.2d 858, 867-68 (N.D. Ill. 2007), *aff'd*, --- F.3d ----, 2008 WL 852586 (7th Cir., Apr 01, 2008) (when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), district court can take judicial notice of matters of public record, including "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue") (citations omitted).

Under Article III of the United States Constitution, federal courts only have jurisdiction over "actual, ongoing controversies." *Ptasinska v. U.S. Dept. of State*, 2007 WL 3241560 at *2 (N.D. Ill. Nov 01, 2007), *motion to amend denied*, 2008 WL 294907 (N. D. Ill., Jan. 31, 2008) (J. Kocoras) (citations omitted); *see also Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein*, 29 F.3d at 1147; *see also Ptasinska*, 2007 WL 3241560 at *2.

Where, as here, the Defendant tenders the full relief that the Plaintiff seeks, the case is moot – regardless of whether the Plaintiff chooses to accept the tender of relief. Courts in this Circuit have uniformly held that Plaintiff cannot keep his claim alive by simply refusing to accept Defendant's tender of the very relief that he seeks. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Holstein*, 29 F.3d at 1147 (citations omitted) (holding plaintiff's claim was rendered moot by defendant's offer to refund the money that plaintiff sued to recover, despite plaintiff's refusal of the offer); *see also Gates v. Towery*, 456 F. Supp.2d 953, 960 (N.D. Ill. 2006) ("A plaintiff's personal interest ends when the defendant offers to satisfy the plaintiff's entire demand. A plaintiff cannot preserve its interest merely by refusing the offer").

Nor is this conclusion affected by the fact that Plaintiff seeks to bring this lawsuit as a class action, because Plaintiff has not yet moved for class certification, and no class has been

certified.  It is well-established in this Circuit that the mooting of the named plaintiff's claim

moots the entire action, if no motion for class certification has been made or ruled upon.  *See*

*Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007) ("if the would-be representative's claim

becomes moot before certification, then the case must be dismissed"); *Giblin v. Revenue Prod.*

*Management*, 2008 WL 780627 at * 2 (N.D. Ill., March 24, 2008) ("a class action will be mooted

by an offer of judgment only if the offer is made before plaintiff has moved for class

certification") citing *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003);

*Curtis v. Das*, 1990 WL 60745 (N.D. Ill., April 26, 1990) (J. Kocoras).

Plaintiff may attempt to argue that a defendant cannot avoid a class action lawsuit simply

by paying the claim of the named plaintiff before the plaintiff files a motion for class

certification.  However, this Court has squarely rejected that argument.  In *Ptasinska*, the

plaintiff attempted to avoid this Court's conclusion that her claim became mooted after

defendant tendered the very relief she sought, by arguing that such a holding would allow

defendants to avoid a class action by "picking off" putative class representatives.  This Court

rejected plaintiff's argument, and held that "Fed.R.Civ.P. permits a defendant to 'pick off'

plaintiffs one by one, as long as the defendant's offers are made before the plaintiff's motions for

class certification are filed."  *Ptasinska*, 2008 WL 294907 at * 3 (citing *White v. Humana Health*

*Plan, Inc.*, 2007 WL 1297130 (N. D. Ill. May 2, 2007)) (citing *Deposit Guaranty Nat. Bank,*

*Jackson, Miss. v. Roper*, 445 U.S. 326, 100 S. Ct. 1166 (1980)).

Moreover, the facts of this case negate any implication by Plaintiff that Heritage's tender of payment of Plaintiff's claim after Plaintiff filed this lawsuit was an attempt to "pick off" Plaintiff, because Plaintiff's claim against Heritage did not even accrue until after Plaintiff filed this lawsuit. *See supra*, Part A.   Plaintiff filed this lawsuit on September 11, 2007, less than 60 days after proof of loss could have been filed.   On November 5, 2007, after investigating Plaintiff's claim, Heritage tendered payment of $386.70, the amount of Plaintiff's claim.   It would be anomalous to hold that Heritage could not pay Plaintiff's claim and resolve this lawsuit *after* this lawsuit was filed, when Heritage had absolutely no obligation to Plaintiff *at the time* that Plaintiff filed his Complaint.

## CONCLUSION

For the foregoing reasons, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 4/11/2008:


/s/ John K. Kallman

John K. Kallman
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515
jkkallman@sbcglobal.net

Attorneys for Heritage Warranty Insurance Risk Retention Group, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT T. KENNEDY,** | ) | |
| | ) | **No. 08 C 1862** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BUTLER FINANCIAL SOLUTIONS, LLC and** | ) | |
| **HERITAGE WARRANTY INSURANCE RISK** | ) | **JUDGE KOCORAS** |
| **RETENTION GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF FILING: NOTICE OF MOTION AND MOTION TO STAY RULING ON
PLAINTIFF'S MOTION FOR REASSIGNMENT OF RELATED ACTION**

Please take notice that we have filed electronically with the Clerk of Court this 29th day of

April, 2008, defendant Heritage Warranty Insurance Risk Retention Group, Inc.'s Notice of

Motion and Motion to Stay Ruling on Plaintiff's Motion for Reassignment of Related Action

Pursuant to Local Rule 40.4.

                                        /s/ John K. Kallman

John K. Kallman
one of the attorneys
for defendant Heritage Warranty Insurance Risk Retention Group, Inc.
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515

notice of filing.wpd

**CERTIFICATE OF SERVICE**

      **John K. Kallman, the attorney for defendant, certifies that a true copy of the foregoing pleading has been filed electronically in the ECF system, and mechanically served upon each of the following parties**

**N/A**

**this _____29th_____ day of _____April_____, 2008, by:**

○    **delivery, before 4:00 p.m.**

○    **fax transmission**

**X**    **depositing the same in the United States Mail post box at 221 N. LaSalle St., Chicago, postage fully prepaid, before 5:00 p.m.**

                                                  **/s/ John K. Kallman**

notice of filing.wpd