**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT T. KENNEDY, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 08 C 1862 |
| vs. | ) | |
| | ) | **JUDGE MAROVICH** |
| **BUTLER FINANCIAL SOLUTIONS, LLC, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANT HERITAGE WARRANTY INSURANCE RISK RETENTION
GROUP'S MOTION TO STAY THE PROCEEDINGS IN THE KENNEDY CASE
(CASE NO. 1862)**

Defendant, Heritage Warranty Insurance Risk Retention Group, Inc. (hereinafter "Heritage"), by its attorneys, files the following Motion to Stay the Proceedings in Case No. 1862 (the "Kennedy Case"), and in support states as follows:

1. Currently before this Court is Case No. 3539 wherein Butler Financial Solutions, LLC, Harris Miller, Warrantech Automotive, Inc., Warrantech Corporation, Warrantech Automotive of Florida, Inc. and Vemeco, Inc., have asserted numerous claims against each other in order to resolve which party, or parties, are responsible for paying valid VSC claims for which Butler Financial Solutions, LLC is the named obligor.[1]

---

[1] Although not pertinent to this motion, there are additional claims raised in Case No. 3539 which need to be resolved by and between the parties which have less of an impact on the Kennedy Case than the question of who is responsible for paying valid VSC claims.

2. In connection with Case No. 3539, the parties on their own, or through rulings by the Court, will determine which party or parties are responsible for paying valid VSC claims.

3. Once the determination of which party or parties are responsible for paying valid VSC claims, the purported claims of the Kennedy Plaintiffs (raised in Case No. 1862) will be addressed accordingly.

4. While the Kennedy Plaintiffs might argue that they have some stake in Case No. 3539, they have nothing constructive to offer in terms of resolving which party or parties should be paying valid VSC claims.

5. Rather, allowing the Kennedy Plaintiffs to proceed with their pleadings and Motion for Class Certification in Case No. 1862, will do nothing more than distract Butler Financial Solutions, LLC, Harris Miller, Warrantech Automotive, Inc., Warrantech Corporation, Warrantech Automotive of Florida, Inc. and Vemeco, Inc., the parties in Case No. 3539, from determining once and for all who is responsible to pay valid VSC claims.

6. Moreover, allowing the Kennedy Plaintiffs to proceed with their pleadings and Motion for Class Certification (which may or may not even qualify for Rule 23 certification) will do nothing more than divert money that could otherwise go to paying valid VSC claims.

7. Simply put, allowing expensive and difficult class action issues to proceed while diverting attention, money and resources from the true issue of who is responsible for paying valid VSC claims is not in the interests of the VSC owners who seek to have their claims paid.

8. For the foregoing reasons, Heritage moves this Court to stay the proceedings in Case No. 1862 (including but not limited to the defendants' responding to the Amended Complaint and the Motion for Class Certification) until such time as the issue of which party or parties are responsible for paying valid VSC claims for which Butler Financial Solutions, LLC is the named obligor is determined in Case No. 3539.

9. In the alternative, if the Court denies Heritage's instant Motion to Stay, Heritage requests that the Kennedy Case (Case No. 1862) remain bifurcated from the issues between Butler Financial Solutions, LLC, Harris Miller, Warrantech Automotive, Inc., Warrantech Corporation, Warrantech Automotive of Florida, Inc. and Vemeco, Inc., that are currently pending in Case No. 3539.

10. Further, if this Court denies Heritage's instant Motion to Stay, Heritage:

   a. Requests that a briefing schedule be set for Heritage's Response to Kennedy's Amended Complaint, including the possibility of disputing the appropriateness of the Amended Complaint in the absence of Kennedy's seeking leave to file the Amended Complaint; and

   b. Requests a briefing schedule for Kennedy's Motion for Class Certification, for which Heritage believes that at least 6 months will be needed to conduct discovery on the class certification issues and that an additional 3 months will be needed for briefing

on the issues (i.e., to file an opposition to Kennedy's Motion for Class Certification and any reply Kennedy may wish to file).

WHEREFORE, Defendant Heritage Warranty Insurance Risk Retention Group, Inc. respectfully requests that the Court grant its Motion to Stay the Proceedings in Case No. 1862.

Respectfully Submitted,

HUSCH BLACKWELL SANDERS LLP

By: /s/ Thomas M. Dee
Thomas M. Dee, *admitted pro hac vice*
tom.dee@husch.com
Joel B. Samson, ARDC# 06244795
joel.samson@husch.com
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

And

John K. Kallman
221 N. LaSalle St.
Suite 1200
Chicago, IL 60601
(312) 578-1515 voice
(312) 332-3920 fax
jkkallman@sbcglobal.net

***Attorneys for Heritage Warranty Insurance Risk Retention Group, Inc.***

4