IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. KENNEDY, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BUTLER FINANCIAL SOLUTIONS, LLC, HERITAGE WARRANTY INSURANCE RISK RETENTION GROUP, INC. f/k/a HERITAGE WARRANTY MUTUAL INSURANCE RISK RETENTION GROUP, INC., and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 08 CV 1862<br><br>JUDGE MAROVICH<br><br>MAGISTRATE JUDGE KEYS |

## DEFENDANT WARRANTECH AUTOMOTIVE, INC.'S RULE 12(b)(1) AND RULE 12(b)(6) MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Warrantech Automotive, Inc. ("Warrantech"), through its undersigned attorneys, moves the Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the First Amended Class Action Complaint as against Warrantech. In support of its Motion, Warrantech states as follows:

1.  Plaintiffs Robert T. Kennedy, JoAnn Mick and Charles C. Mitschow (collectively "Plaintiffs") have attempted to state three causes of action against Warrantech: (1) violation of 15 U.S.C. § 2306 of the Magnuson-Moss Warranty Act ("Magnuson-Moss Act") (First Claim for Relief of the First Amended Complaint); (2) a declaration that the Vehicle Service Contracts ("VSCs") entered into by the Plaintiffs are voidable because of fraud or mistake (Third Claim for Relief of the First Amended Complaint); and (3) a declaration that Warrantech failed to fully, clearly and conspicuously disclose the terms and conditions of the VSCs (Fifth Claim for Relief of the First Amended Complaint). All three causes of action are premised on the same alleged conduct: that

Warrantech allegedly failed to disclose certain aspects of the VSCs and the insurance that existed to pay claims. Specifically, Plaintiffs allege that at the time Plaintiffs purchased their VSCs, Warrantech failed to disclose that Butler Financial Solutions, LLC ("Butler"), Heritage Warranty Insurance Risk Retention Group, Inc. ("Heritage") and American Reinsurance Company ("Am Re") did not intend to pay claims in the event that funds obtained from the sale of VSCs and put into a Loss Reserve Fund proved to be insufficient to pay claims.

2. The First Amended Class Action Complaint must be dismissed as against Warrantech for lack of subject-matter jurisdiction and for failure to state a cause of action. The Magnuson-Moss Act does not apply because the VSCs and the insurance policy that insures them are regulated by state statutes enacted for the purpose of regulating the business of insurance, and application of the Magnuson-Moss Act would invalidate, impair or supersede the state statutes. *See United States Dept. of the Treasury v. Fabe*, 508 U.S. 491, 500-01 (1993). Therefore, under the provisions of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b) ("McCarran-Ferguson Act"), the state statutes preclude application of the Magnuson-Moss Act. *See* 16 C.F.R. § 700.11(a) (Federal Trade Commission regulation finding that insurance for vehicle service contracts is not subject to the Magnuson-Moss Act because it is regulated by state laws as the "business of insurance").

3. Warrantech did not "enter into" the VSCs, and is not a party to them. Therefore, under the plain language of the Magnuson-Moss Act, Plaintiffs cannot state a cause of action against Warrantech. *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587-88 (7th Cir. 2001); *Hamilton v. O'Connor Chevrolet, Inc.*, 399 F. Supp.2d 860, 870-71 (N.D. Ill. 2005) (Magnuson-Moss Act claim dismissed against dealership that merely sold VSC to plaintiff and was not party to contract); *Long v. Wix Auto*, No. 00 C 5842, 2001 U.S. Dist. LEXIS 24135, *5 (N.D. Ill. Jan. 4, 2001) (same, noting that dealership did not "enter into" service contract); *Larry J. Soldinger Assocs., Ltd. v. Aston Martin Lagonda*

*of North Am, Inc*, No. 97 C 7792, 1998 WL 151817, *3 (N.D. Ill. Mar. 27, 1998) (no cause of action against dealership under Magnuson-Moss Act where warranty was made by manufacturer).

    4.    Plaintiffs have not pled the elements of fraudulent concealment. Plaintiffs have not pled that Warrantech had a duty to Plaintiffs to disclose certain facts nor have they alleged that that they relied on Warrantech's alleged silence. *See Bauer v Giannis*, 834 N.E.2d 952, 957-58 (Ill. App. Ct. 2005); *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v Arbor*, 692 N.E.2d 812, 816-17 (Ill. App. Ct. 1998); *Lefebvre Intergraphics, Inc. v Sanden Machine Ltd.*, 946 F. Supp. 1358, 1367 (N.D. Ill. 1996). Moreover, Plaintiffs have alleged only that Warrantech failed to disclose how third parties would behave *if* a certain event, *i.e.* the depletion of the Loss Reserve Fund, occurred in the future. The alleged failure to offer a prediction cannot support a cause of action for fraud, which must be based on a misrepresentation or concealment of an existing fact. *See Lillien v Peak 6 Investments, L.P.*, 417 F.3d 667, 671 (7th Cir. 2005); *Continental Bank, N.A. v Meyer*, 10 F.3d 1293, 1299 (7th Cir. 1993); *Claricom Networks, L.L.C. v Illinois Bell Telephone Co.*, No. 04 C 4906, 2005 WL 1705831, *3 (N.D. Ill. July 20, 2005); *Lefebvre Intergraphics*, 946 F. Supp. at 1364; *First Nat. Bank of Boston v Heuer*, 702 F. Supp. 173, 178 (N.D. Ill. 1988); *Illinois Non-Profit Risk Mngmt. Ass'n v Human Serv. Ctr. of Southern Metro-East*, 884 N.E.2d 700, 710 (Ill. App. Ct. 2008); *Lagen v Balcor Co.*, 653 N.E.2d 968, 973 (Ill. App. Ct. 1995).

    5.    Similarly, Plaintiffs have not alleged that they had a mistaken belief in the existence of a present fact at the time they purchased the VSCs. Instead, they allege that they mistakenly believed that Butler, Heritage and Am Re would pay their claims in the future. Such a "mistake" is made by every party that enters into a contract – if a party did not believe the other would perform as promised, they would not enter into the contract. Being disappointed in the expectation that the other party would perform entitles the disappointed party to sue for breach, not to void the contract

entirely. *See United States v. Southwestern Elec. Coop., Inc.*, 869 F.2d 310, 314 (7th Cir. 1989); *Wilson v. Moore*, 504 N.E.2d 1383, 1386-87 (Ill. App. Ct. 1987).

  6.  Warrantech incorporates herein by reference its Memorandum of Law, filed herewith.

Wherefore, Warrantech prays that the First Amended Class Action Complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and for such other and further relief as may be available at law and in equity as this Court may allow.

Date: August 4, 2008

            Respectfully Submitted,

            WARRANTECH AUTOMOTIVE, INC.

       By:  /s/ Paul Walker-Bright
           One of Its Attorneys
          Paul Walker-Bright, Esq. (# 6226315)
          Evan T. Knott, Esq. (# 6277800)
          REED SMITH LLP
          10 South Wacker Drive, 40th Floor
          Chicago, Illinois 60606
          Telephone: (312) 207-1000
          Fax: (312) 207-6400

          David M. Schlecker (admitted *pro hac vice*)
          REED SMITH LLP
          599 Lexington Avenue
          New York, New York 10017
          Telephone: (212) 521-5400
          Fax: (212) 521-5450

## CERTIFICATE OF SERVICE

I, Paul Walker-Bright, an attorney of record in this lawsuit, hereby certify that on August 4, 2008, true and accurate copies of the foregoing Defendant Warrantech Automotive, Inc.'s Rule 12(b)(1) and 12(b)(6) Motion to Dismiss First Amended Class Action Complaint were served electronically via e-mail to the following attorneys:

**Attorneys for Plaintiffs:**
George Vurdelja, Jr.
Harrison & Held LLP
333 West Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone: (312) 753-6161
Facsimile: (312) 332-1150

Scott R. Shepherd
Shepherd, Finkelman, Miller & Shah, LLP
1640 Town Center Circle, Suite 216
Weston, Florida 33326
Telephone: (954) 943-9191
Facsimile: (954) 943-9173

**Attorneys for Defendant Heritage Warranty Insurance Risk Retention Group, Inc.:**
Thomas M. Dee, *admitted pro hac vice*
Joel B. Samson, ARDC # 06244795
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

John Kenneth Kallman
Law Offices of John Kenneth Kallman
221 North LaSalle Street, Suite 1200
Chicago, Illinois 60601
Telephone: (312) 578-1515

**Attorneys for Intervenor Butler Financial Solutions, LLC:**
Michael M. Tannen, ARDC # 6204635
Law Offices of Michael Murphy Tannen, P.C.
39 South LaSalle Street, Suite 905
Chicago, Illinois 60603
Telephone: (312) 641-6650

/s/ Paul Walker-Bright
Paul Walker-Bright