July 30, 2007

Jeanine M. Folz
Warrantech Automotive, Inc.
2200 Highway 121
Suite 100
Bedford, Texas 76021

Dear Ms. Folz:

Heritage Insurance Risk Retention Group, Inc. ("HRRG") takes seriously the obligation to ensure that Vehicle Service Contract holders are paid for valid claims. For this reason, over the past six months HRRG agreed, under a reservation of rights, to voluntarily fund payment obligations so that Vehicle Service Contract holders with valid claims are paid. HRRG is doing this despite its steadfast belief that HRRG is not responsible to fund these claims. Thus far, in the interests of the Vehicle Service Contract holders, for the time being, HRRG has continued to fund claims under its reservation of rights.

Funding claims is only a part of the Program. Claims also have to be administered properly. It is becoming clear to HRRG that Warrantech does not have the Vehicle Service Contract holders' best interests at the forefront of its actions. Warrantech's decision, communicated to HRRG on July 25, 2007, that Warrantech will no longer hire inspectors to inspect future claims, makes this point emphatically. Failing to hire inspectors may lead to a refusal to pay valid claims or to the payment of invalid claims. Payment of invalid claims will only further deplete monies that should be available to pay valid claims. Given the poor performance of this Program (from the initial pricing through to the claims administration), Warrantech has decided to shift all burdens of this poorly performing Program to entities other than Warrantech. Through its actions Warrantech is failing to live up to its administrative responsibilities.

Therefore, HRRG , under a reservation of rights, is electing to transfer the handling of all claims which fall under the March 15, 2001 Administrative Agreement (as amended) (the "Administrative Agreement") and the Claims Handling Addendum to the Administrative Agreement, Addendum A (as amended) ("Addendum") to another administrator. This election is made pursuant to Sections II.E and VIII.E. of the Addendum. HRRG demands that all current, and any future, claims under the Administrative Agreement and Addendum be immediately transferred to National Administrative Services Co., LLC, 5747 Perimeter Drive, Suite 200, Dublin, Ohio 43017 (Telephone: 877-357-1500).

1

**EXHIBIT**

E

In addition to replacing Warrantech as the claims administrator, this letter will serve as notice to Warrantech that HRRG is terminating the March 15, 2001 Administrative Agreement (as amended) (the "Administrative Agreement") and the Claims Handling Addendum to the Administrative Agreement, Addendum A (as amended) ("Addendum"), pursuant to Section X and Section VIII, respectively.

HRRG provides this notice of termination on a number of grounds. Under the various circumstances set forth below, termination is provided in the alternative upon immediate notice, upon 90 days notice and upon 180 days notice.

Pursuant to Section X.D., HRRG deems the Administrative Agreement to be automatically terminated due to:

> 1) Warrantech's misappropriation of HRRG's funds or property, and /or misappropriation of funds held for the benefit of HRRG. Warrantech's misappropriation has been carried out through conduct, including but not limited to: Warrantech's authorization of funds to pay undocumented and/or non-allowable expenses; Warrantech's payment of claims that should not have been approved for payment; Warrantech's failure to ensure timely payments on behalf of the obligor; Warrantech's failure to make timely payments for certain administrative and insurance fees; and Warrantech's violation of Warrantech's fiduciary responsibilities to HRRG regarding Premium due HRRG in accordance with Section VI.H. (Section X.D.2.); and

> 2) HRRG's belief that Warrantech is guilty of fraud and/or gross and willful misconduct. The bases for this belief include, but are not limited to, Warrantech's conduct in connection with misappropriating funds and Warrantech's manipulation of the Program and system in order to secure improper fees and proceeds for Warrantech and others. This conduct includes, but is not limited to, submitting fictitious claims and inserting fictional information such as contract numbers, vehicle identification numbers, mileage and other fields into the claim software, for the purpose of secreting funds (that should remain available to pay claims) without easy detection by the claims software and those overseeing the claims software and Program. It is believed these secreted funds were used, at least in part, to pay expenses of producer owned reinsurance companies which are supposed to be borne by the producers, not funds earmarked to pay claims. (Section X.D.3).

Termination of the Addendum is simultaneous with termination of the Administrative Agreement. Pursuant to Section VIII.D. of the Addendum, the Addendum automatically terminates upon termination of the Administrative Agreement. As the Administrative Agreement has been immediately terminated, termination of the Addendum is also immediate.

2

Further, pursuant to Section VIII.C. of the Addendum, HRRG deems the Addendum to be automatically terminated due to Warrantech's violation of the Addendum. Warrantech has breached the Addendum through its conduct, including but not limited to:

1) Warrantech's failure to investigate, evaluate, document and settle claims and loss reports in accordance with the policies covered by the Addendum;

2) Warrantech's failure to properly document each claim;

3) Warrantech's failure to properly settle claims through the disbursement of monies as called for in the Addendum;

4) Warrantech's failure to perform all reasonable and necessary work in connection with claims handling and loss reporting;

5) Warrantech's failure to promptly and fully report to HRRG all information with respect to claims exceeding Warrantech's settlement Addendum (as set forth in Section III of the Addendum) and all claims and reports of loss where fraud is suspected; and

6) Warrantech's failure to obtain HRRG's written approval prior to retaining any professional or expert, including but not limited to claims adjusters, special investigators, engineers, expert witnesses and accountants.

Further, this letter serves as notice pursuant to Section X.B. of the Administrative Agreement that HRRG deems the Administrative Agreement (and therefore the Addendum) to be terminated due to Warrantech's breaches of the Administrative Agreement and the Addendum. Warrantech has breached Section VI of the Administrative Agreement, through its conduct, including but not limited to:

1) Warrantech's failure to keep loss ratios on each program below 90%;

2) Warrantech's failure to properly price the business in the first instance;

3) Warrantech's failure to notify HRRG that loss ratios exceeded, or were certainly going to exceed, 90%;

4) Warrantech's failure to implement HRRG's requested rate increases;

5) Warrantech's failure to use commercially reasonable efforts to serve HRRG faithfully;

6) Warrantech's making representations to applicants or holders of Vehicle Service Contracts regarding coverage which are not consistent with the actual terms and conditions of the Vehicle Service Contracts;

7) Warrantech's failure to uphold its fiduciary responsibilities to HRRG with respect to premiums collected and received on policies for HRRG;

8) Warrantech's failure to properly perform its claims settlement responsibilities; and

9) Warrantech's failure to provide proper and timely reporting to HRRG.

Further, this letter will serve as HRRG's Notice of Termination pursuant to Section X.A. of the Administrative Agreement. Accordingly, to the extent not already terminated, the Administrative Agreement shall terminate effective 180 days from July

3

31, 2007. Similarly, to the extent not already terminated, pursuant to VIII.A. the Addendum shall terminate effective 90 days from July 31, 2007.

The reasons given for termination of the Administrative Agreement and the Addendum are not meant to be exhaustive, or the only grounds for termination, as HRRG's investigation into the conduct of Warrantech and this Program is still ongoing.

Finally, and in order to protect the interests of the Vehicle Service Contract holders, this letter puts Warrantech on notice that Warrantech must comply with all of its obligations upon termination of the Administrative Agreement (and the Addendum), including but not limited to:

1) Warrantech must immediately communicate its termination and the effective date to all Dealers who produce Program business (X.E.). We will provide you electronically, tomorrow, with a form letter to be sent to all Dealers, PORCS, PORC owners, Agents and others involved in this program and we demand that you send the letter out immediately upon receipt via certified mail return receipt requested. In order to verify that the letters are sent and received, have the return receipts addressed to Ken Hilliard at National Administrative Services Co., LLC, 5747 Perimeter Drive, Suite 200, Dublin, Ohio 43017;

2) Warrantech must provide to HRRG all Vehicle Service Contracts and files relating to Vehicle Service Contract holders under the Program, and claim files if applicable, which may be required for servicing Program business or to meet record retention requirements mandated by regulatory organizations or required by HRRG policy. Warrantech is also to continue to provide electronic data transfer of contract and claim information as provided under the Administrative Agreement in a timely fashion during the transfer period. Such files shall include, but not be limited to those listed in X.F.3.a, b and c.[1]

3) Within 90 days of termination, Warrantech must provide HRRG with a full and final accounting and payment of all Premium due HRRG for all Vehicle Service Contracts sold under Programs by Warrantech and Dealers (VI.H.4.); and

4) Warrantech must continue to treat HRRG confidential information as confidential information (XI.B).

---

[1] To be perfectly clear, the information provided by Warrantech should include, but not be limited to, a list of all outstanding claims for which Butler Financial Solutions, LLC or First Guard Warranty Corporation is the obligor. For each claim, provide us with the name of the claimant, the claimant's state of residence and address, the amount of the approved claim, and the date proof of loss was filed.

4

In addition, Warrantech no longer has authority to use funds out of imprest accounts or to send out claims checks on Heritage check stock.

HRRG's primary concern at this point is to provide continuous uninterrupted service to the Vehicle Service Contract holders during the claims handling transition. In connection with this, contact Ken Hilliard at 877-357-1500, ext 4134 immediately, and no later than August 1, 2007, to make arrangements for the orderly transfer of all files and records, both paper and electronic, to the new administrator so that the new administrator can carry out its administrative responsibilities. In addition, pursuant to Section II.E of the Addendum, Warrantech must deliver all funds accrued for the purpose of paying the claims.

Nothing in this letter should be construed as being inconsistent with HRRG's reservation of all its rights against all parties involved in this Program.

Sincerely,

Paul Miles

cc: Chief Executive Officer (via overnight delivery)
Warrantech Corporation
350 Bedford Street
Suite 203
Stamford, Connecticut 06901

General Counsel (via overnight delivery)
Warrantech Corporation
350 Bedford Street
Suite 203
Stamford, Connecticut 06901

David M. Schlecker (via overnight delivery)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020