IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT T. KENNEDY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:08-CV-1862 |
| BUTLER FINANCIAL SOLUTIONS, LLC, *et al.*, | ) ) ) ) | Judge George M. Marovich |
| Defendants. | ) | |

**MEMORANDUM OF DEFENDANTS BUTLER FINANCIAL SOLUTIONS, LLC AND WARRANTECH AUTOMOTIVE, INC. IN SUPPORT OF THEIR JOINT MOTION TO AMEND MEMORANDUM ORDER AND OPINION OF FEBRUARY 4, 2009 DENYING MOTION TO DISMISS PLAINTIFFS' MAGNUSON MOSS COUNT ON McCARRAN FERGUSON REVERSE PRE-EMPTION GROUNDS TO INCLUDE CERTIFICATION FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. SECTION 1292(b)**

Defendants Butler Financial Solutions, LLC ("Butler"), through its attorneys Law Offices of Michael Murphy Tannen, P.C., and Warrantech Automotive, Inc. ("Warrantech"), through its attorneys Reed Smith LLP, hereby submit their memorandum in support of their joint motion to amend this Court's memorandum order and opinion of February 4, 2009 denying their motion to dismiss Plaintiffs' Magnuson Moss count on McCarran Ferguson reverse pre-emption grounds to include certification for interlocutory review pursuant to 28 U.S.C. section 1292(b). Butler and Warrantech state as follows:

**Introduction**

Butler and Warrantech seek interlocutory appellate review under 28 U.S.C.A. section 1292(b) of this Court's order denying their motion to dismiss Plaintiffs'

Magnuson Moss count on McCarran Ferguson reverse pre-emption grounds. The question hinges on Plaintiffs' mistaken attempt to circumvent state statutes adopted to regulate Vehicle Service Contracts ("VSCs") and the insurance policies that insure them, and instead apply the federal Magnuson-Moss Act. The question of law is as follows: whether the State Service Contract Acts at issue were enacted for the purpose of regulating the business of insurance, and therefore preempt the Magnuson-Moss Act under the McCarran-Ferguson Act. 15 U.S.C. § 1012. In examining this purely legal issue, the District Court rightly determined that one of the relevant laws, the Illinois Service Contract Act, 215 ILCS 152/1, does regulate the Vehicle Service Contracts (VSCs) at issue in this case, but found it could not be determined at this time that Illinois' law regulates VSCs "as the business of insurance."

To certify an order for interlocutory appeal under 28 U.S.C. section 1292(b), "there must be question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Board of Trustees of the Univ. of Illinois,* 219 F.3d 674 at 675 (7th Cir. 2000). While there is no specific deadline for seeking certification from the district court, the motion for certification should be filed within a reasonable time after the order sought to be appealed. *Ahrenholz,* 219 F.3d 675 at 676 (*citing Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.,* 202 F.3d 957 at 958).

Butler and Warrantech submit that all these criteria are amply satisfied in this case, as will now be set forth.

## I. PRE-EMPTION AND THIS COURT'S SUBJECT MATTER JURISDICTION IMPLICATE PARADIGMATIC PURE AND CONTROLLING QUESTIONS OF LAW

Whether the McCarran Ferguson Act reverse pre-empts Plaintiffs' Magnuson Moss claims is an issue appropriate for interlocutory review because it is a "pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record...[and] without having to wait till the end of the case." *Ahrenholz*, 219 F.3d 674 at 677.

The Seventh Circuit has cited pre-emption as a quintessential example of a controlling question of law that warrants section 1292(b) interlocutory review:

> It is equally important, however, to emphasize the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met, as in our recent case of *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir. 2000), where we took a section 1292(b) appeal to decide whether federal law pre-empts state business-tort law in suits between air carriers over routes and rates of service. That was an abstract issue of law, timely sought to be appealed under section 1292(b), resolution of which could (because it was indeed a controlling issue) head off protracted, costly litigation. And because it was an abstract issue of law, it was suitable for determination by an appellate court without a trial record.

*Ahrenholz*, 219 F.3d at 677 (*citing United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir. 2000)(granting review under section 1292(b) to decide whether the Airline De-Regulation Act of 1978 pre-empted state law claims for breach of contract, tortious interference, breach of fiduciary duty, and fraudulent inducement); *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002)(a question of law, for purposes of 28 U.S.C. § 1292, refers to "the meaning of a statutory or constitutional provision, regulation or common law doctrine"); *Ahrenholz*, 219 F.3d at 676. See also *In Re Ocwen Federal*

3

*Bank FSB Mortgage Servicing Litigation*, 2006 WL 1371458 (N.D.Ill.)(district court certified under section 1292(b) order which held that plaintiff's state consumer protection statute claims were not pre-empted by the federal Home Owners' Loan Act or its implementing regulations); *Phillip Morris, Inc. v. Harshbarger*, 957 F.Supp. 327 (D.Mass. 1997)("pre-emption is an issue naturally appropriate for [section 1292[b]] appeal").

Indeed, all federal appellate courts have monolithically recognized that issues of pre-emption are controlling and appropriate for immediate review under section 1292(b):

**First Circuit**: *Palmer v. Liggett Group, Inc.*, 825 F.2d 620 at 622 (1st Cir. 1987)(granting section 1292(b) interlocutory review to determine pre-emptive effect of Federal Cigarette Labeling and Advertising Act)("FCLAA");

**Second Circuit**: *Bayliss v. Marriott*, 843 F.2d 658 at 662 (2nd Cir. 1988)(granting interlocutory review to determine whether state law claims for breach of contract and tortious interference were pre-empted by Federal Railway Act);

**Third Circuit**: *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181 at 183 (3rd Cir. 1986)(granting review to determine pre-emptive effect of FCLAA);

**Fourth Circuit**: *Sejman v. Warner Lambert Co., Inc.*, 845 F.2d 66 at 67-68 (4th Cir.)(granting section 1292(b) interlocutory review to address scope of ERISA pre-emption);

**Fifth Circuit**: *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380 at 382, 386 (5th Cir. Cir. 2004)(granting review and holding that state law claims were pre-empted by Airline De-Regulation Act of 1978);

**Sixth Circuit**: *Genord v. Blue Cross & Blue Shield*, 2006 U.S.App. Lexis 6379, *1-2 (6th Cir. March 14, 2006)(<u>granting review to determine whether civil RICO claim was reverse pre-empted by McCarran Ferguson Act</u>);

**Eighth Circuit**: *Cearley v. General American Transportation Corp.*, 186 F.3d 887 at 889 (8th Cir. 1999)(granting review and finding that state law claims were pre-empted by safety regulations promulgated by FRA);

**Ninth Circuit**: *Moe v. United States*, 326 F.3d 1065 at 1067 (9th Cir. 2003)(granting section 1292(b) review to determine scope of pre-emption under Federal Employees' Compensation Act);

4

**Tenth Circuit**: *Kidneigh v. UNUM Life Ins. Co.*, 345 F.3d 1182 at 1183-84 (10th Cir. 2003)(granting review to determine scope of ERISA pre-emption);

**Eleventh Circuit**: *Blab TV v. Comcast Cable Communications, Inc.*, 182 F.3d 851 at 852 (11th Cir. 1999)(granting section 1292(b) certification to address whether Cable Communications Policy Act of 1984 completely pre-empts state law tort and contract claims); and

**Federal Circuit**: *Taylor v. PPG Industries, Inc.*, 256 F.3d 1315 at 1316 (Fed.Cir. 2001) (granting interlocutory review to address the pre-emption of state law by federal patent law).

In light of the Seventh Circuit's holding in *Ahrenholz*, there can be little question that the reverse pre-emptive effect on the regulation of VSCs is a controlling question of law. A question of law is controlling if it is "serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202 at 1205 (7th Cir. 1991).

The issues of McCarran Ferguson reverse pre-emption and whether McCarran Ferguson bars Plaintiff's Magnuson Moss claims are pure questions of law. In considering the review of the order denying Butler and Warrantech's motion to dismiss the Magnuson Moss count, the 7th Circuit would not have to scour the record for facts or to render an opinion. Instead, the appellate court would only need to review (i) Plaintiffs' amended complaint and exhibits, including the VSC at issue; (ii) Butler and Warrantech's motions to dismiss, memoranda, and replies; (iii) the McCarran-Ferguson Act; (iv) the Magnuson-Moss Act and several attendant regulations; and (v) the service contract statutes of Illinois, North Carolina, Colorado, and many other states where the legislatures have embedded the regulation of VSCs and their attendant insurance in their insurance statutes and vested the power to regulate the VSC industry with state departments of insurance.

As stated above, the threshold issue of pre-emption is a paradigmatic question of pure law which is appropriate for section 1292(b) interlocutory appeal. Resolution through appeal of the pre-emption "could ... head off protracted, costly litigation." *Ahrenholz, supra,* 219 F.3d at 677; see also 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure section 3730 (2d ed. 2008)("[A] steadily growing number of decisions have accepted the better view that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants").

This rationale for an interlocutory appeal is particularly strong in this case for two reasons. First, Plaintiffs' Magnuson Moss count is the only federal claim in their complaint. If the Magnuson Moss count is dismissed on reverse pre-emption grounds, this Court will have no jurisdiction to adjudicate any of Plaintiffs' pendent state claims.

Second, Plaintiffs seek to certify a nationwide class of VSC holders. Plaintiffs have issued written discovery to establish whether they can actually meet the requirements of Federal Rule of Civil Procedure 23. (See **Exhibit A.**) Plaintiffs will undoubtedly want to take depositions. Butler and Warrantech will fight certification of one master class tooth-and-nail, particularly since more than three dozen states have passed their own vehicle service contract statutes.[1]

Indeed, this Court *sua sponte* struck Plaintiffs' original motion for class certification because it had concerns about the sweeping scope of the proposed class.

---

[1] The parties and this Court face more than the costly specter of balkanization of a nationwide class. The number of potential class members, who have not yet made VSC claims but might in the future, is shrinking as time goes on. The consumers in this case purchased VSCs with life spans of roughly three to seven years Many VSCs have expired without incident since this case was filed, and many more VSCs will expire without claims having been made and this case continues. An expedited interlocutory appeal makes sense in this situation.

6

Butler and Warrantech anticipate a pitched battle over class certification. This Court certainly is cognizant of the toll class action litigation takes on the parties and the judicial system: that toll will be avoided if the 7th Circuit finds that Plaintiffs' Magnuson Moss count is reverse pre-empted.

## II. THE ISSUE BEFORE THE COURT IS CONTESTABLE; THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION ABOUT WHETHER PLAINTIFFS' MAGNUSON MOSS CLAIM IS REVERSE PRE-EMPTED BY McCARRAN FERGUSON

During the briefing cycle of Butler and Warrantech's motion to dismiss, Butler and Warrantech argued that McCarran-Ferguson "overturned the normal legal rules of pre-emption" by imposing a rule "that state laws enacted for the purpose of regulating the business of insurance do not yield to conflicting federal statutes unless the federal statute provides otherwise." *U.S. Dep't of Treasury v. Fabe,* 508 U.S. 491 at 507 (1993).

Butler and Warrantech cited cogent authority where McCarran Ferguson reverse pre-emption was found because application of a federal law would invalidate, impair or supersede a state law which was enacted "for the purpose of regulating the business of insurance.". *Fabe, supra,* 508 U.S. at 501; *American Deposit Corporation v. Schact,* 84 F.3d 834 (7th Cir. 1996)(National Bank Act could not be read to impair or supersede sections of Illinois Insurance Code which required banks to file certificates of authority with state insurance department before offering retirement certificates of deposit to Illinois residents); *Autry v. Northwest Premium Services, Inc.,* 144 F.3d 1037 at 1042 (7th Cir. 1998); see also *Camarena v. Safeway Ins. Co.,* 2002 WL 472245 (N.D.Ill.)(plaintiff's class action based on alleged violations of civil rights law dismissed because of McCarran Ferguson; court noted numerous provisions of the Illinois Insurance Code, including prohibitions against deceptive and discriminatory practices and enforcement of

7

violations by the Illinois Department of Insurance, and the federal court's involvement in the case would step on the toes of state insurance commissioners); *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557 (7th Cir. 1999).

In addition, Butler and Warrantech painstakingly analyzed the home state service contract statutes of the three plaintiffs to establish that the regulation of VSCs and their underlying insurance has historically been conducted by state departments of insurance, down to the minutest detail of what terms must be included in VSCs and the underlying insurance policies.[2] State departments of insurance—and not class action lawyers--should regulate the VSC industry and the provisions to be included in VSCs and the underlying insurance policies.

What is more, in its reply brief, Butler cited *Griffin Sys., Inc. v. Washburn*, 153 Ill.App.3d 113, 505 N.E.2d 1121. That case is notable for two reasons. First, it affirmed the order of the trial court which held that the Illinois Department of Insurance had the power to issue a cease and desist order against an out-of-state seller of vehicle service contracts, ten years before the Illinois legislature passed the Service Contract Act and placed the act smack in the middle of the Illinois Insurance Code.

Conversely, Plaintiffs have yet to cite a single Magnuson Moss case which involved an underlying insurance dispute about whether a policy of insurance covers the

---

[2] Discovery in the related *Warrantech v. Heritage* case has revealed that Heritage failed to attach a full copy of its insurance policy to its complaint. Various state departments of insurance ordered that Heritage issue state-specific amendatory endorsements to track the provisions of respective state service contract statutes, including Illinois. The amendatory endorsements required by Texas and Wyoming are notable as they debunk two of Heritage's justifications for dumping coverage. Wyoming forbids any language in a VSC insurance policy that states that the policy is claims made. Texas does not allow a VSC insurer to use defenses available against its insured to deny covering VSC claims of consumers. That a state department of insurance can mandate that a VSC insurance policy be conformed to comply with state law is cogent evidence that the VSC statutes regulate the business of insurance. (On information and belief, these amendatory endorsements are attached as **Exhibit B**.)

8

consumer's claim or whether the service contract's provisions about insurance were misleading and therefore actionable.

The service contract acts regulate not only VSCs, but also the insurance policies that insure them. There can be little doubt that the Acts are aimed at "protecting or regulating [the] relationship [between insurer and insured], directly or indirectly." *SEC*, 393 U.S. at 460. Nonetheless, in holding otherwise, the Court primarily relied on *In re Automotive Professionals, Inc.*, 370 B.R. 161, 170 (N.D. Ill. 2007). That decision does not command a denial of Butler and Warrantech's motions to dismiss or create a factual question about the applicability of McCarran Ferguson. *In Re Automotive Professionals* stands for one and only one proposition: a VSC obligor is not a true insurer and therefore can seek bankruptcy protection. No party in that case questioned the Illinois Department's authority to regulate VSCs in the first instance.

Finally, if any more evidence that the dispute in this case goes to the heart of regulating the business of insurance is needed, Butler and Warrantech can provide it. The South Carolina Department of Insurance ("SCDOI" thought this case so implicated their interests in regulating Heritage that it intervened in this case, obtained a four month stay of proceedings, and then withdrew. (See orders relating to same attached as **Exhibit C**.)

For all these reasons, Butler and Warrantech submit that the issue of McCarran Ferguson reverse pre-emption of Plaintiffs' Magnuson Moss claim is "contestable." A section 1292(b) appeal is proper since the controlling issue is "not settled by controlling authority," and "a substantial likelihood" exists that the Court's order will be reversed on appeal. *Gamboa v. City of Chicago*, 2004 WL 2877339, at *4 (N.D. Ill. December 13, 2004) (citation omitted).

In proving that there is a "contestable" issue, however, Butler and Warrantech do not need to establish that they will win their interlocutory appeal. Where there is a "dearth of case law" addressing a legal issue, "this alone should be sufficient to demonstrate that there could be a difference of opinion." See *S.E.C. v. Buntrock,* 2003 WL 1254128, *3 (N.D.Ill. June 7, 2004)(Norgle, J.)(granting section 1292(b) certification in the "absence of controlling authority directly addressing the issue"). Moreover,

> [T]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case. <u>If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations or the like, certification may be justified at a relatively low threshold of doubt.</u>

16 Charles Alan Wright & Arthur R. Miller, *supra,* Section 3930 (emphasis added).

Accordingly, Butler and Warrantech submit that they have persuasively cleared the "contestable" threshold to warrant a section 1292(b) interlocutory appeal.

### III. IMMEDIATE APPELLATE REVIEW WILL MATERIALLY ADVANCE THE ULTIMATE DETERMINATION OF THE LITIGATION.

Allowing Butler and Warrantech to seek interlocutory review of this issue is appropriate because the Court's resolution of these questions "promise[s] to speed up the litigation." *Ahrenholz,* 219 F.3d at 675. The purpose of 28 U.S.C. § 1292 is "to assure orderly and efficient administration of complex cases" and to "avoid protracted and expensive litigation." *General Dynamics Corp. v. Am. Tel. & Tel. Co.,* 658 F.Supp. 417, 418-19 (N.D. Ill. 1987). As the Court noted in *SEC v. Buntrock,* a matter in which the court granted defendants' motion to certify appeal of the issues raised in their motion to dismiss: "It would be a substantial waste of not only this Court's judicial resources but also the personal funds of the defendants if this case were to proceed forward and then

10

ultimately be reversed" on appeal. *SEC v. Buntrock,* 2003 WL 260711, at *3 (N.D. Ill. February 3, 2003). Both of these concerns apply to the instant case, because of the contestable nature of this legal issue. Interlocutory appeal would save the parties and this Court substantial time and resources.

Simply put, a reversal of this Court's order would result in a dismissal of the Magnuson Moss claim and subject matter jurisdiction in this Court would no longer exist. Moreover, an error reversed on appeal after a jury trial in this class action case will not be harmless because such a reversal will nullify *in toto* all proceedings due to a jurisdictional defect. An immediate interlocutory appeal will unquestionably advance the ultimate termination of this litigation.

### IV. THIS COURT SHOULD STAY THE CASE UNTIL THE 7TH CIRCUIT ISSUES ITS DECISION ON THIS SECTION 1292(b) APPEAL

To avoid the unnecessary hemorrhaging of fees, costs, and court resources, Butler and Warrantech also request that this Court stay this case until the controlling and threshold issue of reverse pre-emption is decided by the appellate court. Such an appeal would be expedited and the requested stay would be of a limited duration.

In this regard, Butler and Warrantech would point out that the identical issue of who is responsible for honoring VSC claims and the precise issues of declaratory relief are being hotly litigated in the related *Warrantech v. Heritage* case pending before this Court. Butler and Warrantech are both tenaciously seeking what Plaintiffs want in this case, namely for Heritage to live up to the obligations outlined in the VSC it approved and the Insurance Policy it drafted and issued. Plaintiffs would not be prejudiced by a short stay of proceedings.

## Conclusion

WHEREFORE, Butler Financial Solutions LLC and Warrantech Automotive, Inc. respectfully request that this Court amend its memorandum order and opinion of February 4, 2009 denying Butler and Warrantech's motion to dismiss Plaintiffs' Magnuson Moss count on McCarran Ferguson reverse pre-emption grounds to include certification for interlocutory review pursuant to 28 U.S.C. section 1292(b). Butler Financial Solutions LLC and Warrantech Automotive, Inc. respectfully request that this Court stay the proceedings pending resolution of said interlocutory appeal.

Respectfully submitted,

LAW OFFICES OF MICHAEL MURPHY TANNEN, P.C.

By: *s/Michael M. Tannen*
Attorneys for Butler Financial Solutions, LLC

REED SMITH LLP

By: *s/Paul Walker-Bright*
Attorneys for Warrantech Automotive, Inc.

Law Offices of Michael Murphy Tannen, P.C.
Michael M. Tannen (#6204635)
Jim D. DeMars (#6292689)
39 S. LaSalle Street, Suite 905
Chicago, IL 60603
(312) 641-6650
(312) 641-6656 (Fax)

Reed Smith LLP
Paul Walker-Bright (#6226315)
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
(312) 207-1000
(312) 577-6400 (Fax)